## BUTLER *v*. THE STATE.

91 161
126 95

1. On a trial for murder, the fact that the deceased had instituted a prosecution against the accused for the offence of adultery and fornication, alleged to have been committed with an unmarried daughter of the former, in consequence of which the accused bore ill will against the deceased, is relevant as tending to show a motive for the homicide on the part of the accused; and the warrant charging him with the misdemeanor, and a bond given by himself and others conditioned for his appearance to answer "said charge," were properly admitted in evidence. *Kelly* v. *State*, 49 *Ga*. 12.

2. Where, during the progress of a trial, counsel on both sides have made frequent and repeated objections to the admission of testimony which are frivolous and neither well taken nor material, it is not error for the judge to remark in the hearing of the jury: "Counsel seem to make a good many objections that I do not think are necessary," although the particular objection then under consideration was sustained.

3. The evidence, though entirely circumstantial, was sufficient to authorize a conviction; and the trial judge being satisfied with the verdict rendered, this court must affirm his judgment refusing a new trial.                                 *Judgment affirmed.*

February 13, 1893.

Before Judge FISH.  Sumter superior court.  November term, 1891.

William Butler was convicted of the murder of his father-in-law, Seaborn Jones, the jury recommending life imprisonment. A motion for a new trial was overruled. The head-notes indicate the grounds of the motion. The evidence showed that Jones was assassinated early in the night as he sat in his house, being fired upon from the outside through the front door. Several circumstances pointed to the defendant as the guilty one; and there was testimony that he made statements, not long before the murder, charging Jones with having meddled with him, and manifesting his intent to kill Jones before the time of the trial of a case in which Jones was prosecuting him for alleged criminal relations

between him and his wife's sister, an unmarried daughter of Jones, living in the house with defendant and his wife. It appeared that Jones and defendant were unfriendly and did not speak to each other; and there was testimony that Jones had had no trouble with any one else.

L. J. BLALOCK and J. A. HIXON, for plaintiff in error.
C. B. HUDSON, solicitor-general, contra.