### 4226. DIXON v. THE STATE.

POTTLE, J. 1. Where, in the trial of one charged with arson, it appears that the barn described in the indictment was destroyed by fire about three o'clock in the morning, that no fire had been left in or near the building on the night before it was burned, that while the fire was in progress an odor of kerosene oil emanated from the building, and an empty can which had contained such oil was found near by, and that tracks of a human being, leading to and from the barn, were found, and the circumstances were such as to indicate that they were made after the barn was closed on the night before the burning, the corpus delicti is sufficiently proved.

2. The evidence relied on to show the guilty connection of the accused with the burning was circumstantial. His tracks were positively identified by the prosecutor, he made false statements as to his where-

abouts on the night of the burning, he was angry with the prosecutor and had made threats against him. When he saw the prosecutor and others on the morning after the fire, measuring the tracks leading to the barn, he went to his ·home, changed his shoes, and returned to the place where the fire occurred. These and other circumstances authorized the conviction. The jury did not credit the testimony offered to prove an alibi, and this court can not say there were not some facts and circumstances sufficient to support the verdict. The charges complained of were not erroneous, and the requests to charge, so far as pertinent and legal, were fully covered by the general charge.

*Judgment affirmed.*

DECIDED JULY 23, 1912.

Indictment for arson; from Wilkinson superior court—Judge Hawkins. May 6, 1912.

*Sibley & Sibley, Livingston Kenan,* for plaintiff in error.
*J. E. Pottle, solicitor-general,* contra.