### 7060.   HARRIS v. THE STATE.

WADE, J. 1. The evidence was amply sufficient to authorize the conviction of the accused.

2. The court did not err in admitting proof as to a threat made by the accused, which was reasonably capable of being applied to the person whose domicile was afterwards burned. *Harris* v. *State*, 109 *Ga.* 280 (34 S. E. 583); *Warrick* v. *State*, 125 *Ga.* 133, 135 (53 S. E. 1027).

3. The proof as to the breed and skill of the dogs that followed a trail from the scene of the crime to the house occupied by the accused was amply sufficient to authorize testimony as to the conduct of the dogs; and the fact that the court admitted the testimony with the condition that it would be excluded if such necessary proof was not afterwards supplied is no cause for a reversal where the record discloses that the requisite proof supplying a foundation for this evidence was in fact afterwards submitted.

4. There is no merit in the 6th ground of the motion for a new trial, in the light of the entire record and the testimony as to the manner in which the dogs were placed on the trail and the experiences of the party in charge of the dogs. *Aiken* v. *State*, 16 *Ga.* *App.* 848 (86 S. E. 1076); *Fite* v. *State*, 16 *Ga.* *App.* 22 (84 S. E. 485).

5. There is no reversible error in the failure of the court to give in charge the requested instruction set out in the 7th ground of the motion for a new trial, since the substance of the request was covered by the charge given.

6. The 8th, 9th, and 10th grounds of the motion for a new trial are without merit, since it is for the jury to determine what evidence they will

believe, and exceptions complaining that certain evidence was contradicted and therefore unworthy of belief, or that the jury disregarded certain testimony, can not be considered by this court.

7. The absence of a rational motive for the commission of a crime is a matter for consideration by the jury. In the present case there was testimony tending to show anger and a desire for revenge on the part of the accused, which might supply a sufficient motive. The 11th ground of the motion for a new trial is therefore without merit.

8. The 12th, 13th, 14th, and 15th grounds of the motion for a new trial amount merely to an amplification of the general grounds. There was evidence sufficient to establish the corpus delicti and overcome the presumption that the burning was of accidental or providential origin, and to show malice on the part of the accused and to identify him as one of the perpetrators of the crime. See *Dixon* v. *State,* 11 *Ga. App.* 367 (75 S. E. 266).

9. The 16th ground of the motion for a new trial, relating to alleged newly discovered evidence, does not present anything for determination by this court, since the recitals therein are not supported by the affidavit of any witness, properly vouched for, by whom it is proposed to make proof of the alleged newly discovered facts, and the proposed evidence is entirely impeaching and cumulative in its character.

10. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Russell, C. J., absent.*

DECIDED MARCH 16, 1916.

Indictment for arson; from Walker superior court—Judge Wright. September 27, 1915.

*D. F. Pope, John D. Pope,* for plaintiff in error.

*W. H. Ennis, solicitor-general, W. B. Shaw,* contra.

