### 16163.    GRAY *v.* THE STATE.

BLOODWORTH, J.    1.  Grounds 1 and 2 of the amendment to the motion for a new trial complain of the admission of certain evidence over the objection of the defendant.    What objections were made does not appear. It has been frequently held by the appellate courts of this State that a ground of a motion for new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the evidence was offered; otherwise no question is raised for determination.    *Boatright* v. *State,* 30 *Ga. App.* 10 (116 S. E. 557), and cases cited; *Langston* v. *State,* 153 *Ga.* 127 (1) (111 S. E. 561).

2.  Under the foregoing ruling the court did not err in refusing to rule out the evidence incorporated in each of the other special grounds of the motion.

3.  A verdict approved by the trial judge will not be disturbed by this court because of alleged insufficiency of evidence, when supported by any evidence.    *Judgment affirmed.    Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 27, 1925.

Indictment for adultery and fornication; from Catoosa superior court—Judge Tarver.    October 25, 1924.

*McClure & McClure, Sam H. Seymour,* for plaintiff in error.

---

### 16164.    HECK *v.* THE STATE.

BLOODWORTH, J.    This is a companion case to that of *Gray* v. *State,* ante, 596.    The cases were tried together; the grounds of the motion for new trial in each are identical, and the rulings in that case are controlling in this.

*Judgment affirmed.    Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 27, 1925.

Indictment for adultery and fornication; from Catoosa superior court—Judge Tarver.    October 25, 1924.

*Sam H. Seymour, McClure & McClure,* for plaintiff in error.