*M. Price,* for plaintiff in error.

---

### 16758. REESE *v.* THE STATE.

BLOODWORTH, J. The trial court is alleged to have erred in reopening this case in order to allow the State to introduce additional evidence. What objection was urged against reopening the case is not shown. The reopening of a case is always in the sound discretion of the trial judge. In this case it does not appear that the judge abused his discretion. *Holland* v. *State,* 22 *Ga. App.* 135 (3) (95 S. E. 538); *Pitts* v. *State,* 15 *Ga. App.* 436 (1) (83 S. E. 673), and citations.

2. It is alleged that the court, after reopening the case, erred in allowing to go to the jury evidence that the deceased was mad with the accused and refused to speak to him, because the accused had been caught by the deceased in the bed with his wife. This was relevant to show motive. See *Harrell* v. *State,* ante, 577 and cit.; *Harris* v. *State,* 17 *Ga. App.* 723 (7) (88 S. E. 121); *Hayes* v. *State,* 126 *Ga.* 95 (1) (54 S. E. 809); *Little* v. *State,* 150 *Ga.* 728 (105 S. E. 359).

3. When the entire charge of the court is considered, a new trial is not required either by the excerpts complained of or by the failure to charge as requested. The charge given covered the issues in the case, and if a fuller charge on any particular subject was desired, it should have been requested as provided for by the law.

4. There was sufficient evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 11, 1925.

Conviction of manslaughter; from Lumpkin superior court— Judge J. B. Jones. August 1, 1925.

*R. H. Baker, Charters & Wheeler,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.