### 17109. WESTERN & ATLANTIC RAILROAD *v.* HENDERSON *et al.*

The excerpt from the charge of the court, set forth in ground 10 of the motion for a new trial, was error and requires another hearing of the case.

DECIDED MAY 12, 1926. REHEARING DENIED JUNE 15, 1926.

Damages; from Whitfield superior court—Judge Tarver. December 12, 1925.

*Tye, Peeples & Tye, Sam. P. Maddox,* and *Neel & Neel,* for plaintiff in error.

*W. E. & Gordon Mann, J. A. McFarland,* contra.

LUKE, J. Mrs. Mary Henderson sued the Western & Atlantic Railroad for the homicide of her husband, who was killed at a railroad crossing while driving an automobile used for trucking purposes. She alleged that the crossing was in an unsafe condition, and that the train crew were negligent in the operation of the train; that her husband was in the exercise of ordinary care for his own safety, and that his death was the result of the negligence of the railroad company. The railroad company denied the allegations of negligence and insisted that the direct and proximate

---

Appeal and Error, 4 C. J. p. 866, n. 52.
Workmen's Compensation Acts, C. J. p. 141, n. 10 New.

cause of the death of plaintiff's husband was his own lack of ordinary care and prudence, etc.

The plaintiff's husband was in the employ of a Coca-Cola Bottling Company at the time of his injury. Compensation had been allowed her by the industrial commission under the workmen's compensation act, in a sum aggregating approximately $4,000. The Maryland Casualty Company had a contract of insurance with the Coca-Cola Bottling Company, whereby it became liable to the plaintiff for the award made under the workmen's compensation act. The insurance company intervened, without objection, as party plaintiff, praying subrogation up to the amount for which it had become liable under its contract of insurance, by reason of the award made under the workmen's compensation act. The jury returned a verdict in favor of the plaintiff for $10,000, and in favor of the Maryland Casualty Company upon its intervention. A motion for a new trial was overruled.

The evidence is in conflict, but we can not say that the jury were not authorized to find from the evidence a verdict in favor of the plaintiff; and if the sole assignment of error were as to the sufficiency of the evidence, the case would fall within the rule that, where there is some evidence to authorize a verdict approved by the trial judge, this court is by law powerless to interfere.

The criticism of the court's charge and of the refusal to charge, as set out in special grounds 4, 5, 6, 7, 8, and 9, when the charge of the court is read in its entirety, is without merit. Indeed, the charge of the court as a whole was most fair and gave to the defendant the benefit of its every contention and legal right. The charge was not confusing or misleading, as we view it, certainly not for any reason pointed out. The 10th ground of the motion for a new trial attacks the legality of the trial for the following reason : "Upon the trial of said case, after the court had charged the jury, the jury retired to its room for consideration of the case and remained in its room for several hours, and then returned to the court-room, when the following occurred: Court: 'Mr. Foreman and gentlemen, I am informed by the bailiff that you desire some further instruction with reference to some part of the case or the issues involved.' Foreman: 'Yes, Judge. In regard to the insurance company, we don't understand how that could get into this case, how we are to deal with it.' Court: 'The claim of the inter-

venor, Maryland Casualty Company, should not in any way affect your verdict as between the plaintiff and the defendant. If you find in favor of the defendant, you will not be concerned in any way with the claim of the intervenor. In the event, however, you should return a verdict for the plaintiff for any amount, it will be your duty to add to that verdict these words: "and we further find for the intervenor, the Maryland Casualty Company." I charge you, as a matter of law, if you find a verdict for any amount for the plaintiff, it would be your duty to add to that verdict this finding in favor of the intervenor; which means that the recovery in favor of the plaintiff, if there be one, will be subrogated to the claim of the intervenor, for such amount as it may have expended, or may hereafter expend, in discharging its contract with the Coca-Cola Bottling Company for the payment of such amounts as the Coca-Cola Bottling Company might have become liable for its employee under the Georgia workmen's compensation act. If you do not understand that in full, if any member of the jury desires to ask me any question about it, he may do so, and I will endeavor to answer it so as to make it clear to you.' Juror: 'If we should give a verdict for so much, then the insurance company should be added on?' Court: 'Yes, the insurance company, under the undisputed facts in this case and under the law, if you find a verdict in favor of the plaintiff, will be entitled to be subrogated to the rights of the plaintiff to such money as may be derived under the verdict, to the extent of what it has paid out, or may hereafter pay out, in the discharge of its contract with the Coca-Cola Bottling Company. In other words, the Coca-Cola Bottling Company had a contract with the Maryland Casualty Company whereby the Maryland Casualty Company should pay such amounts as it, the Coca-Cola Bottling Company, might become liable for under the Georgia workmen's compensation act; and it is undisputed here that the Coca-Cola Bottling Company became liable on account of the death of the plaintiff's husband to pay $12.75 for 300 weeks, aggregating $3825, and $100 burial expenses, the total aggregating $3925, to the plaintiff in this case, the widow of the deceased. In the event she recovers in this case, her recovery will be subject to the claim of the insurance company, it to be reimbursed out of this recovery, for such amount as it may have expended, or may hereafter expend, in satisfying its liability under

this contract of insurance with the Coca-Cola Bottling Company.' Foreman: 'I think we understand it now.' Court: 'Then you may retire.' " It is insisted that the judge's answer, "yes," immediately after the juror asked the question, "If we should give a verdict for so much, then the insurance company should be added on?," was confusing and misleading, in that the jury were likely led to believe that to such verdict as they might find, if they found in favor of the plaintiff, should be added the sum that the Maryland Casualty Company, which was a party plaintiff by reason of its intervention, had become liable for upon the award of the industrial commission. When the whole question is considered, we are led to the conclusion that the question asked by the juror was for the purpose of determining whether the verdict, if the jury found in favor of the plaintiff, should be increased by adding to it the amount for which the insurance company had become liable by reason of its contract of insurance. We fear that the answer given by the judge created such an impression upon the mind of the jury as to lead them to believe that the court meant to instruct them that the jury should increase the verdict, if for the plaintiff, so as to reimburse the intervenor. For this reason, and for this reason alone, we think that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., dissents.*

BLOODWORTH, J., dissenting. Unlike my associates, I am not "led to the conclusion that the question asked by the juror was for the purpose of determining whether the verdict, if the jury found in favor of the plaintiff, should be increased by adding to it the amount for which the insurance company had become liable by reason of its contract of insurance." Nor do I agree with them in the "fear that the answer given by the judge created such an impression upon the mind of the jury as to lead them to believe that the court meant to instruct them that the jury should increase the verdict, if for the plaintiff, so as to reimburse the intervenor." Without objection the Maryland Casualty Company had been made a party to the cause. When the jury asked for further instructions the judge told them that "the claim of the intervenor, Maryland Casualty Company, should not in any way affect your verdict as between the plaintiff and the defendant. If you find in favor

of the defendant, you will not be concerned in any way with the claim of the intervenor. In the event, however, you should return a verdict for the plaintiff for any amount, it will be your duty to *add to that verdict* these words: 'and we further find for the intervenor, the Maryland Casualty Company.' " (Italics mine.) In further instructing the jury, as shown in the majority opinion, the judge again told them: "It would be your duty to *add to that verdict* this finding in favor of the intervenor." (Italics mine.) After the above and other instructions were given, a juror asked: "If we should give a verdict for so much, then the insurance company should be *added on?*" (Italics mine.) The judge replied, "yes," and proceeded to further instruct the jury as shown in the majority opinion. I am convinced that when the juror asked, "If we should give a verdict for so much, then the insurance company should be added on?" and the court said "yes," the jury could have understood the judge to mean nothing more than what he said, to wit, "In the event, however, you should return a verdict for the plaintiff for any amount, it will be your duty to *add to that verdict* these words: 'We further find for the intervenor, the Maryland Casualty Company.' " (Italics mine.) There was no suggestion on the part of the judge that in the event the jury found for the plaintiff they should add any *amount* of recovery to their verdict. The jury complied with the instructions given them.