## 17921. WESTERN & ATLANTIC RAILROAD v. HENDERSON et al.

A constitutional question can not be raised for the first time in a motion for a new trial.

The amount of damages awarded by the verdict ($15,000) can not, as a matter of law, be held excessive.

DECIDED APRIL 13, 1927.

Damages; from Whitfield superior court—Judge Tarver. December 11, 1926.

Certiorari was granted by the Supreme Court.

Tye, Peeples & Tye, Maddox, Maddox & Mitchell, Neel & Neel, Fitzgerald Hall, for plaintiff in error.

W. E. & Gordon Mann, J. A. McFarland, contra.

BROYLES, C. J. This is the second appearance of this case before this court. The pleadings and the evidence were substantially identical upon both trials, except that upon the trial now under review the plaintiff amended her petition by alleging an additional act of negligence on the part of the railroad company, to wit, the running of its engine and trains by a near-sighted and practically blind engineer. As to this alleged act of negligence both the plaintiff and the defendant introduced evidence, and the issue of fact thus raised was decided by the jury. Under the facts stated above, the previous ruling of this court that the plaintiff was entitled to a recovery (35 Ga. App. 353, 133 S. E. 645) has become the law of the case, and that ruling must be and is adhered to.

However, it is contended by the plaintiff in error that the verdict ($15,000) was excessive. The evidence showed that the plaintiff's husband at the time he was killed by the running of the defendant's train was a little over 38 years of age; that he was earning

---

Appeal and Error, 3 C. J. p. 711, n. 79; 4 C. J. p. 1093, n. 77.
Constitutional Law, 12 C. J. p. 786, n. 69.
Death, 17 C. J. p. 1350, n. 7.
New Trial, 29 Cyc. p. 824, n. 41.

$130 a month, and in addition was getting his house rent free, which was worth from $25 to $35 a month; that he was industrious, hard working, in good health, and seldom ill. In view of these and other facts disclosed by the record, this court can not hold as a matter of law that the amount of the verdict was so great as to show bias and prejudice on the part of the jury. Nor can this court hold as a matter of law (as contended by counsel for the plaintiff in error) that the evidence adduced demanded a finding by the jury, under the doctrine of comparative negligence (which reduces the amount of a plaintiff's recovery in proportion to the amount of default or negligence attributable to him), that the amount of default attributable to the plaintiff's husband was not less than 49 per cent. of the aggregate default attributable to him and to the employees of the defendant in the occurrence of the collision which caused his death, and that the amount of the verdict should have been reduced accordingly.

The charge complained of in the 14th special ground of the motion for a new trial was given and excepted to in the first trial of this case and was approved by this court on the first appearance of the case before it (see 35 *Ga. App.* 353), and that ruling has become the law of the case.

Special ground 18 of the motion for a new trial attempts to raise a constitutional question. The ground alleges that an excerpt from the charge of the court, based upon and construing section 2780 of the Civil Code of 1910, was in violation of the fourteenth amendment of the constitution of the United States. The ground alleges also that if the code section can properly be construed as it was construed in the charge excepted to, then the section itself is violative of the fourteenth amendment of the constitution of the United States. The code section in question has uniformly and repeatedly been construed by this court and the Supreme Court exactly as it was construed by the trial judge in this case, and this is admitted in the brief of counsel for the plaintiff in error, who also contend in their brief that the statute itself (code section 2780) is in violation of the fourteenth amendment to the constitution of the United States. In view of these circumstances it is obvious that the statute itself is the primary object of attack in this ground of the motion for a new trial, and such an attack can not properly be made in a motion for a new trial. A

constitutional question can not be raised for the first time in a motion for a new trial. *Ga. & Fla. Ry.* v. *Newton,* 140 *Ga.* 463 (3) (79 S. E. 142); *Hendry* v. *State,* 147 *Ga.* 260 (8) (93 S. E. 413); *McClelland* v. *State,* 27 *Ga. App.* 783 (110 S. E. 245).

The remaining grounds of the motion for a new trial (all of which complain of refusals to charge as requested, or of errors, either of omission or commission, in the charge of the court) show no reversible error.

The request of the defendant in error, that damages for bringing up the case for delay be awarded her, is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*