## McNEAL *v.* THE STATE.

1. Assignments of error in admitting or in excluding evidence must, in order to receive consideration on review, be complete in themselves without reference to other parts of the record. The evidence referred to, the offered objections, and the ruling of the trial court in each instance should be embodied severally in each ground of exception.

2 The evidence supported the verdict, and it was not error to overrule the motion for new trial.

No. 5935. DECEMBER 14, 1927.

Criminal Law, 16 C. J. p. 1180, n. 74; 17 C. J. p. 85, n. 17, 23; p. 181, n. 38.

Rape, 33 Cyc. p. 1486, n. 12.

Rape. Before Judge Pomeroy. Fulton superior court. January 29, 1927.

*Claud Brackett,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. H. Hudson,* and *J. W. LeCraw,* contra.

RUSSELL, C. J. 1. The special grounds of the motion for a new trial in this case are as follows: "1. The defendant contends that the court erred in refusing to permit the defendant to show that the female in question was not enticed away from home by either of the defendants in the bill of indictment, the State contending that there was conspiracy between said defendants to commit the offense charged in said bill of indictment; said ruling of said court appears on the brief of evidence in said case on page two thereof. 2. It is contended that the court erred in refusing to allow defendant to offer evidence as to the age and consent of the female in question, as appears on page two of said evidence, the defendant contending that said female in question was over fourteen years of age. 3. It is contended that the court erred in refusing to allow defendant to prove that the father of said female had had trouble with another man named Swiney about said female, defendant contending that such proof of said trouble had about said female would have tended to have shown the character and disposition of said female, and would have affected the credibility of said female witness, and would have been impeaching in character. 4. It is contended that said court erred in ruling out the question of defendant's counsel as to how many people the father of said female had caused to be arrested and indicted in connection with this case, because said question was relevant and material to show the interest and feeling in said case of the witness to whom the said question was directed; said question and ruling of said court appearing on page three of the brief of evidence in said case. 5. It is contended that the court erred in admitting, over objection of defendant's counsel, the birth certificate of said female in question, on the grounds that said birth certificate had not been properly identified; the ruling of said court referred to appearing on page eleven in the brief of evidence of said case. 6. It is contended that the court erred in failing and refusing to rule out, on motion of defendant, the testimony of Russell Greene, a character

witness of said female, because said witness testified from his personal knowledge, and not from what others said about said female; said ruling appearing on page twenty of the brief of evidence in said case." Under previous decisions of this court, these grounds of the motion, not being complete in themselves, present nothing for consideration of this court. The evidence referred to and the objections, if any, offered thereto, with the ruling of the court in each instance, should have been embodied severally in each ground of the motion.

2. The evidence supports the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*