## 19207.   SMITH *v.* THE STATE.

DECIDED NOVEMBER 14, 1928.

*Hewlett & Dennis, T. F. Bowden,* for plaintiff in error.

*John A. Boykin, solicitor-general, John H. Hudson, J. W. Le-Craw,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) An examination of the indictment will show that the alleged false swearing consists of the statement that "all bills incurred for labor and materials used in the construction of said house have been paid in full," and that the defendant knew that this was false. To authorize a conviction it was necessary for the State to prove these allegations, and that the defendant, knowing that they were false, did absolutely, wilfully and falsely swear that they were true. The motion for a new trial contains a number of grounds, in several of which more than one reason is alleged why a new trial should be granted. Each of grounds 1, 3, and 5 seeks to raise a constitutional question, but it is well settled in this State that "a constitutional question can not be raised for the first time in a motion for a new trial." *Western & Atlantic R. Co.* v. *Henderson,* 36 *Ga. App.* 679, 681 (137 S. E. 855), and cit. The foregoing decisions refer specifically to cases in which it was sought, in a motion for a new trial, to raise constitutional questions; but without these specific rulings it is well settled by rulings of both this court and the Supreme Court that "a ground of a motion for a new trial complaining of the admission of evidence, which fails to disclose that the objection taken thereto was urged before the trial court at the time of the ruling complained of, is not sufficient." *Glasco* v. *State,* 137 *Ga.* 336 (1) (73 S. E. 578). See *Gray* v. *State,* 33 *Ga.*

*App.* 596 (1) (127 S. E. 414); *Grace* v. *McKinney,* 112 *Ga.* 425 (2) (37 S. E. 737); *Lamkin* v. *Clary,* 103 *Ga.* 631 (5) (30 S. E. 596). The ruling in the foregoing cases disposes of grounds 1, 3, and 5 so far as the constitutional questions are concerned. Ground 1 complains also of testimony of a witness who swore: "The deed that I spoke of is recorded in this book on page 499; this is the loan deed that I witnessed." This evidence was objected to on the ground that "the writing or the record within the book or the book itself was the best evidence." Even if the writing or the record within the book or the book itself had been offered in evidence and there had been objection to its admission, to make a ground of a motion for a new trial based upon its admission complete it would have been necessary for the ground itself to set forth the evidence objected to, "either in the motion itself or in an exhibit thereto, in such manner that the question of its admissibility may be decided without reference to other parts of the record." *Thompson* v. *State,* 118 *Ga.* 330 (2) (45 S. E. 410); *Sisk* v. *Sisk,* 37 *Ga. App.* 369 (1) (140 S. E. 520); *McNeal* v. *State,* 165 *Ga.* 302 (140 S. E. 885). Thus it will be seen that this ground of the motion is not complete. In ground 2 of the motion the court is alleged to have erred in admitting in evidence an affidavit which is not set forth literally or in substance or attached to the ground as an exhibit. Under the ruling in the *Thompson, Sisk,* and *McNeal* cases, supra, this ground presents nothing for consideration. The three cases just referred to dispose also of that portion of ground 3 which complains of the admission in evidence of "a certain book" on the ground that "the deed itself was the best evidence." This ground alleges also that "such evidence was immaterial and irrelevant." Such an assignment of error is too general to be considered. *Wilson* v. *McConnell,* 36 *Ga. App.* 767 (138 S. E. 244), and cases cited. Moreover, the record shows that this deed had been sent to New York (to be held there), and was therefore beyond the jurisdiction of the courts of this State. Ground 4 of the motion for a new trial is not complete and understandable within itself. It refers to the testimony of I. N. Jenkins, who testified in part as follows: "As I recall it, we furnished him, for that house at 263 Atwood Avenue, lime, cement, plaster, oak flooring, and some metal lathes and flooring, that class of material." Who is I. N. Jenkins? What connection, if any, did he

have with the case? Who are "we", and who is "him" referred to in the evidence just quoted? Was this evidence relevant and material, and was it harmful to the cause of the accused? To find answers to these questions it would be necessary to look to other portions of the record; and that this court is not required to do. *Wilson* v. *McConnell*, supra; *Cambron* v. *State*, 36 *Ga. App.* 785 (3) (138 S. E. 280), and cases cited; *Russ* v. *State*, 35 *Ga. App.* 476 (1) (133 S. E. 748) ; *Manning* v. *State*, 33 *Ga. App.* 640 (1). In addition to an effort to raise a constitutional question in ground 5, it is alleged in this ground that the court erred in admitting in evidence "a certain itemized statement." The *Thompson, Sisk,* and *McNeal* cases, supra, dispose of this assignment of error, and also dispose of the assignment of error in ground 7, based on the admission of "a certain slip;" the assignment of error in ground 8, which complains of error in admitting "a certain ledger sheet," and the assignment in ground 9 on the admission of "two affidavits." There is nothing in the 6th ground of the motion for a new trial, which alleges error in the refusal of the judge to declare a mistrial, that requires that the case be tried again. The excerpts from the charge embraced in grounds 10 and 11 are not erroneous when read in connection with the remainder of the charge.

There is some evidence to support the verdict, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*