19265.   BRYANT *v.* THE STATE.

Decided December 11, 1928.

*L. L. Woodward,* for plaintiff in error.

*T. Hoyl Davis, solicitor-general,* contra.

BLOODWORTH, J.   We will enlarge upon headnote 1 only. Spe-

cial ground 1 of the motion for a new trial complains that "the court erred in allowing the witness, Dr. Welchel, to testify in said case after the State had closed its case and after the defendant had closed his case, and after the argument both for the State and movant had been made to the jury. The admission of the testimony of said witness, Dr. Welchel, was prejudicial to the interest of the accused and was not submitted in the order of proof provided by law." This ground is not in proper form for consideration by this court. It does not appear what the evidence was to which exceptions are now taken, nor that this evidence was objected to. In *McNeal* v. *State,* 165 *Ga.* 302 (140 S. E. 885), it was held: "Assignments of error in admitting or in excluding evidence must, in order to receive consideration on review, be complete in themselves without reference to other parts of the record. The evidence referred to, the offered objections, and the ruling of the trial court in each instance should be embodied severally in each ground of exception." In *Ga. & Fla. Ry. Co.* v. *Stapleton,* 143 *Ga.* 46 (84 S. E. 120), it was held that "A ground of a motion for a new trial which assigns error in the admitting of evidence ' over objection ', but which does not show what objection was made· to the evidence offered, is insufficient to invoke a ruling by this court." In *Reese* v. *State,* 34 *Ga. App.* 600 (1) (130 S. E. 920), this court held that "the reopening of a case is always in the sound discretion of the trial judge." See *Harrison* v. *Powers,* 76 *Ga.* 220 (4). As it does not appear from this ground of the motion what the evidence was, that it was objected to when offered, or how it was prejudicial to the cause of the accused, the rulings in the foregoing cases dispose of this ground of the motion. In any event the matter was in the discretion of the trial judge, who did not abuse his discretion.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*