17921.   WESTERN AND ATLANTIC RAILROAD *v.*
HENDERSON.

DECIDED JULY 11, 1929.

*Tye, Peeples & Tye, Maddox, Maddox & Mitchell, Neel & Neel, Fitzgerald Hall,* for plaintiff in error.
*William E. & Gordon Mann, J. A. MacFarland,* contra.

BROYLES, C. J.   The former judgment of this court in this case (36. *Ga. App.* 679, 137 S. E. 855), was, on certiorari, affirmed by the Supreme Court (167 *Ga.* 22).   In the opinion, written by Chief Justice Russell, it was stated that the court did not decide the question upon which the Court of Appeals ruled in the first head-note of its decision, to wit, that a question as to the constitutionality of a statute can not be raised for the first time in a motion for a new trial.   And it was further said:   "Upon this subject the court is divided in opinion."   However, the Supreme Court proceeded to pass upon the constitutional question so raised, and held that "section 2780 of the Code of 1910 is not unconstitutional for any reason assigned in the present petition for certiorari."   That ruling and the judgment affirming the judgment of this court were reversed by the Supreme Court of the United States on May 27, 1929. That judgment was made the judgment of the Supreme Court of Georgia, and is now made the judgment of this court.   The former judgment of this court, affirming the decision of the trial court in refusing to grant a new trial is hereby vacated.   Under the decision of the Supreme Court of the United States, the trial court

erred in giving to the jury the instructions complained of in special grounds 14 and 18 of the motion for a new trial. In those instructions section 2780 of the Civil Code of 1910 was construed in harmony with the construction given that section by the higher courts of this State, and the United States Supreme Court ruled that the section, as so construed, "creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate. The presumption raised by § 2780 is unreasonable and arbitrary, and violates the due-process clause of the fourteenth amendment." It follows that the trial court erred in refusing to grant a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*