### 20555. GIBBS *v.* THE STATE.

Decided June 10, 1930.

*Ripley & Bailey, H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

Luke, J. The defendant was convicted of manslaughter, and she excepts to the overruling of her motion for a new trial. The evidence in substance shows that the defendant, Laura Gibbs, and one Charles Metcalf had been living together for several years; that Metcalf was a bootlegger and kept his whisky at the home of Bertha Piper, the deceased, and often stayed there during the day and until late at night; that on the night of the killing the defendant went to the home of Bertha Piper for Metcalf, and stated that she wasn't going to come there another time to call him out of that house; that a row between the three ensued; that Bertha Piper told Metcalf to take his whisky and give her her key, and that she followed Metcalf and the defendant to their home, endeavoring to get her key; that Laura Gibbs procured a pistol and shot Bertha Piper, and from the wound thus inflicted Bertha Piper died about two weeks later.

■ The 1st special ground of the motion for a new trial, alleging that the evidence did not show intent to kill or malice, is but an amplification of the general grounds, and is without merit, as is shown by the record.

■ The 2d and 3d special grounds of the motion allege error because the court erred in admitting certain evidence as to the defendant and Charles Metcalf living together. Since the evidence shows that Metcalf was the defendant's "man," and that he had been spending considerable time at the home of the deceased woman, and that the defendant went there about midnight after him, and stated that she wasn't "going to come there nary nother time and call him out of that house," and said to the deceased, "Dad [Metcalf] is paying your rent," this evidence as to the relation between the defendant and Metcalf was admissible to show motive,—jealousy on the part of the defendant.

■ On Wednesday night the deceased stated that she knew she was not going to get well, and thereafter made certain statements relative to the homicide, and died the next morning. The defendant objected to the admission of evidence as to these statements, on the ground that the evidence did not come up to the standard of dying declarations. "A prima facie case is all that is necessary to carry dying declarations to the jury. When this has been made out, the declarations are admitted, and the ultimate determination as to whether or not the person making them was in articulo mortis and realized that death was impending is for the jury." *Findley* v. *State*, 125 *Ga.* 579 (54 S. E. 106) ; *Bird* v. *State*, 128 *Ga.* 253 (3) (57 S. E. 320) ; *Anderson* v. *State*, 122 *Ga.* 161 (50 S. E. 46) ; *Dumas* v. *State*, 62 *Ga.* 58(2). The nature of this evidence and the charge of the court relative to dying declarations renders this ground of the motion without merit.

■ The 5th special ground of the motion alleges error because the court "declined to allow alleged misquoted evidence read" to the jury. The ground does not set out the evidence or even show the nature thereof, or show how the solicitor misquoted it, or what he said, or how it was harmful or prejudicial to the accused. The ground is not complete and understandable within itself and can not be considered by this court. *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 715, rule 14 (145 S. E. 486) ; *Smith* v. *State*, 38 *Ga. App.* 748, 751 (145 S. E. 526).

■ The 6th special ground alleges error because of improper argument by the assistant prosecuting attorney during the trial of the case. There was no motion for a mistrial. "Exceptions to prejudicial remarks made by the court upon the trial of a criminal case, or like remarks made by the solicitor-general in his argument to the jury, can not be considered by this court, unless a motion for a mistrial based thereon was made and denied." *Redd* v. *State*, 28 *Ga. App.* 483 (111 S. E. 685), and cit. Under this ruling the 6th special ground of the motion raises no question for determination by this court.

■ The 7th special ground of the motion, alleging that the court erred in refusing an oral request "to charge the jury that the State was the one guilty of withholding evidence," is without merit. Furthermore, there is nothing in the ground to show what evidence was withheld or that the State withheld any evidence.

█ The evidence amply authorized the verdict, which has the approval of the trial judge, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*