## 21750. NICHOLS *v.* SCHOEN BROTHERS INCORPORATED.

DECIDED NOVEMBER 10, 1931.

*Alec Harris,* for plaintiff in error. *Wright & Covington,* contra.

LUKE, J. An execution based upon a judgment in favor of Schoen Brothers Incorporated against C. H. Nichols was levied upon a motor-truck and upon a motor coupé, as the property of the defendant, and Essie Nichols filed a claim to the property. On the trial of the issue the jury returned a verdict finding that the truck was subject to the execution, and that the coupé was not subject thereto. The record nowhere affirmatively shows that any judg-

ment was rendered upon the latter verdict. It appears from the bill of exceptions, however, that the claimant made a motion for a new trial, and that this motion as amended was overruled, and exception is taken to the judgment overruling the motion.

In the motion for a new trial there are three specifications of error. The first and the second of these complain of the admission of certain testimony over claimant's objections. It does not appear from the exception, however, in either instance, that the grounds of the objections to the testimony offered were stated at the time when the testimony was so offered. It is the inexorable rule, frequently repeated by this court, that objections to the admissibility of evidence will not be noticed in this court unless the grounds of the objections were stated to the trial judge at the time when the evidence was offered, and that the exceptions, in order to save the question, must affirmatively so show. These two specifications, therefore, under the rule referred to, present nothing for our consideration.

The third assignment complains that the court erred in admitting in evidence, over objections made by the claimant at the time the same was offered, the following testimony of H. V. Beysiegel: "I know Mr. C. H. Nichols and the White automobile-truck involved in this case. Mr. Nichols gave us a mortgage dated January 9, 1929, on this automobile-truck for $257.50, due October 1, 1929. This mortgage was given us by Mr. Nichols for repair work and parts on this White truck. We did work on this truck before and since for Mr. Nichols. We had no information that this truck belonged to Mr. Nichols's daughter, and we did not know her in these transactions at all. This mortgage and repair bills were paid by Mr. Nichols. Sometimes he would pay cash for the repair bills on this truck." The motion for new trial continues: "Movant objected to said testimony of said Beysiegel, on the ground that it was transactions between witness and defendant in fi. fa. made after the litigation began on which the fi. fa. was based, and after the fi. fa. was issued against the defendant, and that same are statements, assertions, and declarations on the part of the defendant in fi. fa., that title to the property so levied on was in him, made after litigation began." However meritorious might be the contentions that counsel may have had in mind, the exception here presented is too incomplete to enable this court to consider it.

It does not appear from the exception when the litigation was begun, nor when the execution was issued, nor when it was levied. This court is not required to resort to other parts of the record in order to ascertain such vital facts. Exceptions must be complete within themselves.

Neither the general nor the special assignments of error in the claimant's motion for a new trial can be sustained; and it does not appear to this court that the trial court erred in overruling the claimant's motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*