21923. RYLEE *v.* THE STATE.

BROYLES, C. J. 1. "If any person shall designedly, by color of any counterfeit letter or writing, made in any other person's name, or fictitious name, obtain from any person money or other valuable thing, with intent to defraud any person, mercantile house, body corporate, or company of the same, he shall be punished by imprisonment and labor in the penitentiary for not less than two nor longer than seven years." Penal Code (1910), § 249. In the instant case the indictment was drawn under the above-quoted code section, and the check set forth therein was a "writing," within the meaning of the section, and the general demurrer to the indictment was properly overruled.

2. The indictment, after setting forth the acts of the defendant, charged that "all said acts of accused were done with intent to defraud the Atlanta and Lowry National Bank, Awtry & Lowndes Company, and Grant-Harris-Rippey Company, corporations." The indictment was not subject to the special demurrer attacking it because it failed to allege "of what, when, or how this defendant intended to defraud the Atlanta and Lowry National Bank and Awtry & Lowndes Company." The charge in the indictment, that the acts of the defendant were done with the intent to defraud the three named corporations, together with the facts set forth in the indictment, was sufficient to enable the accused to prepare

502

his defense and the jury to understand easily the nature of the offense charged.

3. The refusal to rule out the illegal testimony of a witness is not reversible error, where other testimony to the same effect has been introduced and is not covered by the motion to rule out. *Smith* v. *State*, 24 *Ga. App.* 654 (101 S. E. 764). This ruling disposes of special ground 1 of the motion for a new trial.

4. Special grounds 2 and 3 complain that the court, after ruling out (in the absence of the jury) certain evidence that had been introduced by the State, failed to subsequently instruct the jury that the evidence had been ruled out. The grounds, however, are not complete and understandable within themselves, since the evidence ruled out is not set out in the grounds nor attached thereto as exhibits.

5. Special ground 4 assigns error upon the refusal of the judge to rule out "a certain signature card of one Monroe Clark." The ground does not disclose who was Monroe Clark, or what connection, if any, he had with the case now under review. It follows that the ground is not complete and understandable by itself. See *Smith* v. *State*, 38 *Ga. App.* 748, 750 (145 S. E. 526).

6. In view of the language of the indictment, the refusal of the court to give the requested charge set forth in special ground 5 was not error.

7. In the light of the entire charge of the judge, it was not reversible error for him to wait until the last paragraph of the charge and then instruct the jury as follows: "I don't know whether I did state, but I will state now, that this defendant pleads not guilty in each and every one of these cases [the defendant was being tried on three cases], and that makes the issue for you to try and determine. You may retire."

8. The two remaining special grounds complain of alleged errors in the charge of the court which refer only to the other two cases against the defendant and have no connection with this case.

9. The verdict was authorized by the evidence.

*Judgment affirmed.* *Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931. REHEARING DENIED JANUARY 12, 1932.

*Branch & Howard, Thomas B. Branch Jr.,* for plaintiff in error. *John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.