### GIBSON v. THE STATE.

ATKINSON, J. 1. A ground of a motion for new trial should be complete within itself, and the Supreme Court will not look to other portions of the record for the purpose of supplementing it. A ground of a motion for new trial which complains of a refusal to allow the defendant's attorney to ask a named witness specified questions, without stating whether the questions were asked on direct examination or on cross examination, and if on direct examination without stating to the court what the defendant's attorney expected the witness to answer in response to the questions, is too indefinite to present any question for decision, and an assignment of error upon the overruling of such ground of a motion for new trial will not be cause for reversal.

2. The court did not err, as complained of in the second special ground of the motion for new trial, in rejecting evidence offered by the defendant as to statements made by the victim subsequently to the rencounter. The statements were not part of the res gestæ and were not shown to have been made in contemplation of death, so as to render them admissible as dying declarations.

3. One theory of defense, as gathered from the statement of the defendant before the jury, was that the fatal blow was stricken under the fears of a reasonable man that his own life was in danger. It was stated that the deceased drew "his gun on me" with the threat, "I will blow your heart out;" whereupon "I backed off and stumbled over this brick, picked it up, and throwed it. I was expecting to hear the gun shoot every minute." In view of this defense it was error requiring a reversal to exclude evidence, as complained of in the third special ground of the motion for a new trial, that .the deceased "habitually and notoriously carried deadly weapons," and that this reputation was well known to the defendant. *Daniel* v. *State,* 103 *Ga.* 202 (29 S. E. 767); *Baker* v. *State,* 142 *Ga.* 619-625 (83 S. E. 531); *Wilson* v. *State,* 152 *Ga.* 337-338 (8) (110 S. E. 8).

4. The refusal of the court to declare a mistrial or to rebuke the solicitor-general on a motion made therefor, on account of remarks of the solicitor-general, complained of in the fourth and fifth special grounds of the motion for new trial, was not erroneous.

5. As the case will go back for another trial, no ruling will be made on the assignments of error based on the general grounds of the motion for a new trial. *Judgment reversed. All the Justices concur.*

No. 8973. February 16, 1933.

*R. L. LeSueur* and *J. A. Hixon,* for plaintiff in error.

*George M. Napier, attorney-general, Hollis Fort, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.