23975. CITY OF LaGRANGE *v.* POUNDS.

Decided December 10, 1934.

*J. T. Thomasson, M. U. Mooty, L. M. Wyatt,* for plaintiff.
*J. R. Terrell Jr.,* for defendant.

SUTTON, J. 1. Where an execution issued in favor of the City of LaGrange against a named person generally, as the owner of certain city lots, and specially against the lots, by virtue of an unpaid paving assessment, and before the assessment was made the defendant in fi. fa. had parted with the title to two of the lots, the defendant in fi. fa. could properly arrest the progress of the execution by filing an affidavit of illegality setting up that he did not owe the amount of the execution and that the assessment against the two lots the title to which was not in him at the time of the assessment should not be charged against him; and further setting up that no assessment was due on the other lot, title to which remained in him, such affidavit being one "denying that the whole . . of the amount for which the execution issued is due." Ga. L. 1927, pp. 321, 330, sec. 11.

(a) Consequently the trial judge did not err in overruling the motion to dismiss the affidavit of illegality upon the ground that it was not the proper mode of defense to such execution, but that the right to defend against the execution, if any, arose under section 12 of the above act of August 25, 1927, which provides, in substance, that no suit shall be sustained to set aside any such assessment, or to enjoin the governing body from making or fixing or correcting the same, or issuing or levying executions therefor, or issuing such bonds or providing for their payment, or contesting the validity thereof on any grounds or for any reason other than the failure of the governing body to adopt and publish the preliminary resolution provided for in section 3 of the act in cases requiring such resolution and its publication, or to give notice of the hearing of the return of the appraisers, unless such suit shall be commenced within thirty days after the passage of the ordinance making such assessment final. Ga. L. 1927, pp. 321, 332.

(b) While, under the general law, abutting real property is subject from the date of the ordinance or resolution assessing the property for paving (*Cheatham* v. *Palmer*, 176 *Ga.* 227, 167 S. E. 522), it appears from the affidavit of illegality and the evidence in this case that the defendant in fi. fa. had parted with his title to two of the lots levied on prior to the passage of the ordinance or resolution assessing the property for the cost of paving the street.

(c) A defense good as against a general demurrer or an oral motion to dismiss being set forth in the affidavit of illegality inter-

posed by the defendant in fi. fa. to the levy of the paving-assessment execution in this case, and the defendant in fi. fa. having introduced evidence tending to sustain the allegations thereof, the verdict in favor of the affidavit of illegality is authorized by the evidence, and the trial court did not err in overruling the plaintiff's motion for a new trial based upon the general grounds.

2. A ground of a motion for new trial complaining of the action of the trial court in admitting certain testimony of the defendant in fi. fa., without distinctly setting forth the testimony objected to, so that it is necessary for this court to refer to the brief of the evidence in order to intelligently pass upon such ground, is not complete within itself and presents nothing for adjudication by this court. *Shaw* v. *Jones,* 133 *Ga.* 446 (66 S. E. 240) ; *Askew* v. *Sparks,* 44 *Ga. App.* 710 (2) (162 S. E. 838) ; *Strahley* v. *Hendricks,* 40 *Ga. App.* 571 (150 S. E. 561) ; *Ga.-Fla. Motor Lines* v. *Slocumb,* 45 *Ga. App.* 204 (164 S. E. 166) ; *Blackwell* v. *Houston County,* 168 *Ga.* 248 (147 S. E. 574) ; *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (85 S. E. 361) ; *Franklin* v. *State,* 28 *Ga. App.* 460 (112 S. E. 170) ; *Nichols* v. *Schoen Brothers Inc.,* 44 *Ga. App.* 257 (161 S. E. 265) ; *Bright-Brooks Lumber Co.* v. *Garrell,* 45 *Ga. App.* 390 (165 S. E. 146). Moreover, it was not error requiring the grant of a new trial, if it was error at all, under the objections urged by the plaintiff, for the court to permit the defendant in fi. fa. to testify that the paving of the street in front of the vacant lots would not add anything to their value, the objections being that this evidence was in the nature of an objection to the assessment of the defendant's property, and should have been made, under section 12 of the act of August 25, 1927, within thirty days from the passage of the ordinance or resolution assessing his property, and that the ground of the affidavit of illegality interposed by the defendant in this case, under section 11 of said act, was only that the amount set forth in the execution was not due to the city by the defendant, and that therefore, to allow this witness to so testify was to allow him to make an attack on the paving assessment in the affidavit of illegality, which was not authorized by the law permitting the same, but was only authorized to be done in the manner pointed out in section 12 of the act.

3. A ground of a motion for a new trial, assigning error on the admission of certain documentary evidence, which does not suffi-

ciently identify such documentary evidence to enable this court to determine whether the same is a memorandum from a public record kept by the witness, a copy of a public record kept by the witness, or a private memorandum made by the witness and from which he was testifying to refresh his memory, does not present such a complete assignment of error as can be intelligently passed upon by this court. To ascertain the materiality of the alleged error would require a reference to other portions of the record. *Hammond* v. *State,* 34 *Ga. App.* 234 (128 S. E. 918) ; *Patterson* v. *Farish,* 34 *Ga. App.* 785 (131 S. E. 186) ; *Thompson* v. *State,* 118 *Ga.* 330 (2) (45 S. E. 410) ; *McNeal* v. *State,* 165 *Ga.* 302 (140 S. E. 885) ; *Sisk* v. *Sisk,* 37 *Ga. App.* 369 (140 S. E. 520) ; *Rylee* v. *State,* 44 *Ga. App.* 501 (162 S. E. 291) ; *Harper* v. *Sutherland,* 44 *Ga. App.* 594 (3) (162 S. E. 412).

4. The court did not err in admitting in evidence a letter from the person to whom the defendant in fi. fa. claimed to have sold the realty in question, informing the city clerk that he wished to have the assessments made against his property, describing the same therein, made payable in ten annual installments as provided in the act of August 25, 1927 (Ga. L. 1927, pp. 321, 335). The paragraph of the affidavit of illegality setting forth that such person had so advised the city clerk not having been demurred to, the defendant in fi. fa. was entitled to prove the allegations of his affidavit of illegality as laid, and evidence in support thereof was admissible and pertinent. *L. & N. R. Co.* v. *Bean,* 49 *Ga. App.* 4 (174 S. E. 209).

(*a*) The trial court properly permitted the city clerk to testify as to a notation in figures put by him on the bottom of such letter so received by him, such figures totalling the amount of the assessment made against this property.

(*b*) The court did not, in this connection, err in permitting the city clerk to testify that when he received this request from J. L. Pounds, the person to whom the defendant in fi. fa. claims to have sold two of the lots assessed, the defendant in fi. fa. and the said J. L. Pounds came to his office and asked that the property assessment be divided, and that not all of it be placed in one assessment. Such evidence was permissible as showing knowledge on the part of the plaintiff in fi. fa., through its proper officer, the city clerk, before the issuance of the execution in this case, that J. L. Pounds

was claiming the title to two of the lots assessed, and desired the assessment to be made in his name against said property.

5. Where a ground of a motion for a new trial complaining of the admission in evidence of certain testimony sets forth the question propounded to the witness, but does not disclose the answer of the witness, and it is necessary to refer to the brief of the evidence in order to pass upon the admissibility of such testimony, it is incomplete and will not be considered by this court. *Martin* v. *State*, 44 *Ga. App.* 284 (161 S. E. 371); *Smith* v. *State*, 45 *Ga. App.* 356 (164 S. E. 451); *City of Atlanta* v. *Gore*, 47 *Ga. App.* 71 (169 S. E. 776); *Gibson* v. *State*, 176 *Ga.* 384 (168 S. E. 47).

6. Great latitude should be allowed counsel in the cross-examination of a witness. "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him." Civil Code (1910), § 5871. Furthermore, an assignment of error on the refusal to allow a question on cross-examination need not set forth what answer was expected of the witness. *Macon Union Co-op. Asso.* v. *Chance*, 31 *Ga. App.* 636, 637 (122 S. E. 66). While this is true, the court did not err in refusing to permit counsel for the plaintiff in fi. fa. to ask the city clerk on cross-examination, "If the assessment made by the city is correct, M. T. Pounds [defendant in fi. fa.] owes this assessment that we are attempting to collect in this case?" This question called for a conclusion by the witness as to a matter which could only be determined by the jury under proper instructions from the court.

7. While it is true that a conveyance of the legal title to real estate must be in writing, the court did not err in permitting a witness to testify that she recollected the transaction between the defendant in fi. fa. and J. L. Pounds,—that she heard the conversation between them, concerning the sale of the two lots in question to the latter. The defendant in fi. fa. was not attempting to prove the title to the lots involved in J. L. Pounds by this testimony, but was offering the same to show that such a transaction had taken place between these two persons. There was introduced in evidence, unobjected to, a warranty deed from the defendant in fi. fa. to J. L. Pounds, dated November 29, 1930, conveying the lots in question, and expressing a consideration of $253.25. Said evidence was not objected to as being hearsay.

8. The defendant offered in evidence a document marked "Cor-

rect Sheet Alford Street, Tract No. 61, known as the J. L. Pounds property fronting 100 feet on the west side of Alford Street and running back an equal width a distance of 58 feet, shows paving assessment $449.70." Counsel for plaintiff made the following objection to this evidence "with reference to the assessment roll:" "It was dated January 28, 1930, and he is not offering the certified copy of the assessment roll, but·is offering what the officer testified was an alteration of the records of his office, and we object to it. It is a spurious piece of evidence and it is not the original assessment roll, and is what the witness testified is an altered record of the city with reference to the notice of J. L. Pounds . . " It is contended that this "was harmful error to the plaintiff for that it allowed the jury to consider the spurious evidence objected to." This ground of the motion for a new trial is not intelligible without reference to the testimony of the officer referred to, whose name is not given in the ground, which testimony is not set forth in this ground, nor without reference to the assessment roll referred to therein as dated January 28, 1930, which assessment roll is not incorporated therein, literally or in substance. The documentary evidence objected to is not set forth in this ground, either literally or in substance, in such a manner as can be intelligently passed upon by this court. It does not appear from this ground how the documentary evidence offered was spurious. *Clare* v. *Drexler,* 152 *Ga.* 419 (110 S. E. 176) ; *Jasper County* v. *Butts County,* 147 *Ga.* 673 (95 S. E. 254) ; *Sheppard* v. *State,* 28 *Ga. App.* 735 (113 S. E. 54) ; *Watkins Co.* v. *Mims,* 35 *Ga. App.* 170 (132 S. E. 241) ; *Dixon* v. *State,* 28 *Ga. App.* 756 (113 S. E. 24) ; *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32) ; *Harper* v. *Sutherland,* 44 *Ga. App.* 594 (3) (162 S. E. 412). A ground of a motion for new trial must be complete within itself; and a ground complaining of the admission of evidence is not valid where it is based upon a fact, unless the fact stated in the objection is shown by the documentary evidence objected to or by evidence set out in the ground. *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551).

9. It was not error to permit the city clerk to testify that after the change was made in the assessment roll and this correct sheet made, he did not know whether the matter was discussed in council meetings or not; but that he did not recollect that there

was any objection made to the same. This evidence was admissible as going to show whether said correct sheet was a spurious document, or unauthorized, or whether it was a correction of the original assessment roll, made in good faith by the clerk. Furthermore, this ground of the motion for a new trial was also not complete within itself. In order to ascertain and understand just what the movant is referring to therein, it is necessary to refer to preceding grounds of the motion for a new trial, to the brief of evidence and to the record; and where this is necessary, such a ground of a motion for a new trial is not in proper form.

10. The plaintiff in fi. fa. objected to the introduction in evidence of a certain written notice given to J. L. Pounds by the city through its clerk as to an installment being due on the property in question. The ground of the motion for new trial recites: "Counsel for plaintiff: 'We make the same objection as to the notice to J. L. Pounds based upon an altered record, by the clerk of the City of LaGrange, and it is not certified as being correct.' The court: 'I overrule your objection and let them both in.' This was harmful error to plaintiff because it allowed the jury to consider the spurious evidence made by the defendant, his son and the clerk, J. H. Moss." It will be readily seen that this ground of the motion for new trial is not intelligible without reference to other grounds of the motion for new trial, the record and the brief of evidence. See *Fouts* v. *State*, 175 *Ga.* 71 (165 S. E. 78); *Blakeney* v. *Bank of Hahira*, 176 *Ga.* 190 (167 S. E. 114); *Pepper* v. *Pepper*, 169 *Ga.* 832 (152 S. E. 103), and cases cited supra.

11. The defendant in fi. fa. owned three lots abutting on a street in a municipality. Steps were taken to improve this street by paving it under an act of the General Assembly empowering the city so to do. Before the lots were assessed for the cost of the improvement the defendant in fi. fa. sold two of the lots to his son for a valuable consideration under an oral contract of purchase, no deed thereto being made at that time. It does not appear that this transaction was a scheme to evade the payment of any legal assessment against the property for the cost of the improvement. The son took possession of said two lots, which were vacant lots, by building a chicken-house thereon. The city had such knowledge of the transaction that it assessed said two lots for their pro rata share of the cost of the paving and mailed a

notice to the son inquiring whether he desired to pay the assessment against them or whether he desired that bonds be issued to cover the same. The son advised the city that he desired that bonds be issued, and the city accordingly issued bonds to cover the amount of the assessment against these two lots, giving to the son the privilege of paying the same in ten annual installments. Upon default in the payment of a certain annual installment by the son the city issued an execution to cover the same against said two lots and against the son, and the lots were sold thereunder, after due advertisement, and purchased by another and deed made to the purchaser. The above facts appearing from the evidence, the city could not justly thereafter, upon failure of the son to pay any further installments on the bonds covering the assessment against these two lots, issue an execution against the entire tract of land, the three lots, originally owned by the defendant in fi. fa. and against the defendant in fi. fa., and proceed to collect the same out of the defendant in fi. fa. and out of the lot, the title to which remained in the defendant in fi. fa. after the sale of the two lots to his son, the city claiming that at the time the original assessment was made against abutting property and property owners for the cost of the paving of the street the record title to the property in this case was in the defendant in fi. fa. and the transaction between the father and son, although for a valuable consideration, was in parol and is not binding upon the city. In these circumstances, the verdict and judgment entered thereon, to the effect that the city was not entitled to collect out of the defendant in fi. fa. or out of the lot remaining in his possession any money whatever for the cost of the paving of said street in front of the two lots sold by the defendant in fi. fa. to his son, will not be disturbed by this court on the ground that it was not authorized by the evidence.

12. The court did not err in charging the jury as follows: "As you understand, the defendant in this case, in the first place, insists that he owes the city nothing, for the reason, he insists, [that] prior to the date of this assessment . . he had sold lots 6 and 7 to J. L. Pounds, and says the city had no right to assess the cost of the paving along these two lots against him. I charge you in this case if you find from the evidence in this case that prior to the date of the assessment roll by the city authorities,

which is the Mayor and Council of the City of LaGrange, that M. T. Pounds, the defendant in this case, had made a bona fide contract with J. L. Pounds, by the terms of which M. T. Pounds was to sell and did sell to J. L. Pounds these lots known as lots 6 and 7, and it was based on a valuable consideration, and that the purchaser, J. L. Pounds, went in possession of these lots 6 and 7, then, I charge you, that would pass a complete equitable title to J. L. Pounds, and that after that date the City of LaGrange would have no right or authority to assess the cost of paving by those two lots against M. T. Pounds, if you find that to be true," upon the ground that the sale of the lots would not be binding on the city, which had no actual notice thereof, unless the contract was in writing and placed on record, or upon the ground that it did not give the city the right to assess the cost of paving against the person shown by public records to own the property at the time of the assessment.

13. The court did not err in charging the jury that "in passing upon that, whether or not there was such a sale as that made, you look to the evidence and see when it was made, if you find it was made at all,—if you find it was a bona fide trade, whether it was based on any valuable consideration, and whether or not J. L. Pounds went in possession and took control of these lots, and as to whether or not that took place prior to the date of the approval of this assessment roll by the city council of LaGrange. As I have already charged you, if you find all those things were true, then, I charge you, that the city would have no right to assess the cost of this paving abutting these two lots in question against M. T. Pounds," because the transaction between the defendant in fi. fa. and his son, made prior to the assessment roll, to have been binding upon the city, must have been brought to its notice either by placing it upon record or by actually notifying the city. The evidence authorized a finding that the city had notice of the transaction through its city clerk. The question of the bona fides of the acts of the city clerk in connection with this matter was for the jury, and by their verdict they decided that question adversely to the city in this case.

14. The trial court did not err in charging the jury that "If you find further, that M. T. Pounds, has paid all the assessment, or all the annual installments that are due against lot number 11,

then, I charge you, that would end your investigation and you should find in favor of M. T. Pounds. If you find that he had sold lots 6 and 7 prior to this assessment, and that he has paid up until the present time and complied with all the legal required amounts,—kept up the payments of lot number 11 and owes the city nothing on these installments, then you should find in favor of the defendant, M. T. Pounds," for the reason that it instructed the jury to find in favor of the defendant in fi. fa. if the property had been sold prior to the assessment by the city, regardless of whether the sale had been brought to the notice of the city at the time of the assessment or prior thereto.

15. In the affidavit of illegality the defendant in fi. fa. set up that the land levied on received no special benefit from the paving and that the assessment was therefore void, and that to allow the execution to proceed would be a confiscation of the property under the guise of taxation for special benefits, which would amount to a taking of the property without due process of law, in violation of the State and Federal constitutions. The court charged the jury that "in no event could the city recover more from the defendant than the amount of value of the benefits derived to this property from this pavement along and abutting to his property; that the theory of this special assessment is that the property abutting upon the pavement will receive special benefits from the pavement, and in that way the city has the legal right and authority to collect from the abutting property owners the amount of benefits thus received. The city in no event could recover a greater amount than the benefits accruing to this property by reason of the paving abutting on the property—this property on Alford street." Any objection to the assessment as being void should have been made as provided in section 12 of the act, within thirty days after the passage of the ordinance making such assessment final, there being no contention that the assessment was not advertised and notices thereof sent to the property owners as provided in the act; and the defense that the assessment is void because the property levied on under the execution issued for the unpaid assessment had received no benefit from the improvement was not a proper ground for attacking the progress of the execution by affidavit of illegality. The defendant in fi. fa. is now precluded from making this attack upon the ordinance

assessing his property by reason of his failure to make the same at the proper time. *Fowler* v. *Milledgeville,* 47 *Ga. App.* 584, 587 (170 S. E. 819), and cit. However, there being under the evidence, no question as to the fact that all three lots involved in this case received benefits from the paving of this street, all of them abutting thereon, and the evidence authorizing a finding that the defendant in fi. fa. was not liable for the assessments due on lots 6 and 7, so sold to his son, and that lot 11, the title to which remained in him, was not subject to the assessments due on lots 6 and 7, and the verdict being to that effect, and not that the entire assessment was void because the property had received no benefits from the improvement, the error in charging the jury as above, and the failure to sustain the demurrer of the city to so much of the affidavit of illegality as set up as a defense that the assessment was void, did not harm the plaintiff and is not cause for a reversal.

16. It follows that the trial judge did not err in overruling the city's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*