POST *v.* THE STATE.

No. 15516. JULY 5, 1946.

*Frank A. Bowers,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, Durwood T. Pye, J. R. Parham,* and *Rubye G. Jackson,* contra.

84

BELL, Chief Justice. The general grounds of the motion for new trial having been expressly abandoned, the only questions for decision are those presented by the two special grounds complaining that the right of cross-examination was infringed.

While the right to a cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him (Code, § 38-1705), yet the scope of the cross-examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused. *Clifton* v. *State*, 187 *Ga.* 502 (4), 508 (2 S. E. 2d, 102); *Pulliam* v. *State*, 196 *Ga.* 782 (2-4) (28 S. E. 2d, 139).

The first question was objectionable as calling for a conclusion. *Keener* v. *State*, 18 *Ga.* 194 (3), 218 (63 Am. D. 269); *Hawkins* v. *State*, 25 *Ga.* 207 (71 Am. D. 166); *Gardner* v. *State*, 90 *Ga.* 310 (4) (17 S. E. 86, 35 Am. St. R. 202); *Mayor &c. of Milledgeville* v. *Wood*, 114 *Ga.* 370 (2) (40 S. E. 239); *Barron* v. *Chamblee*, 199 *Ga.* 591 (1) (34 S. E. 2d, 828). See also *City of LaGrange* v. *Pounds*, 50 *Ga. App.* 219, 223 (6) (177 S. E. 762).

The second question not only called for a conclusion, but was argumentative. Code, § 38-1704; 70 C. J. 508, § 676. Accordingly, it does not appear in either ground that the right of cross-examination was unreasonably abridged. *Echols* v. *State*, 153 *Ga.* 857 (2) (113 S. E. 170); *Clifton* v. *State*. 187 *Ga.* 502 (4), 508 (supra); *Pulliam* v. *State*, 196 *Ga.* 782 (2-4), (supra).

The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*