## HAYES v. THE STATE.

COBB, P. J.　1. On a trial for murder, the fact that the deceased has testified against the accused on a trial for gaming is relevant as tending to show motive; and the indictment against the accused for gaming and the sentence founded thereon are admissible in evidence. Especially is' such evidence admissible when it appears that the accused has made a threat against the deceased, stating at the time the threat was made that the deceased had "turned him up" for gambling. *Butler* v. *State,* 91 *Ga.* 161(1), and case cited.

2. When on such a trial a witness for the prosecution has testified that the accused fired the fatal shot, an indictment against the witness, charging him with the homicide, returned by the same grand jury that indicted the accused, is admissible to discredit the witness, but for no other purpose; and it is in such a case not erroneous for the judge to instruct the jury that it is not to be considered for any other purpose.

3. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish,' C. J., absent.*

Submitted July 16,—Decided July 27, 1906.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. May 26, 1906.

*Allen Fort* and *Hollis Fort,* for plaintiff in error.

*John C. Hart, attorney-general, F. A. Hooper, solicitor-general,* and *Allen Fort Jr.,* contra.