## HUMPHREY v. THE STATE.

ATKINSON, J.   1. Considered in connection with other instructions on the subject of reasonable doubt, that portion of the charge, "a reasonable doubt is such a doubt as a conscientious juror would have in an honest search after the truth, and not a mere guess or conjecture as to the possibility of the innocence of the accused," furnishes no ground for the grant of a new trial. *Barnard* v. *State*, 119 *Ga.* 436 (46 S. E. 644), and citations.

2. There being no effort to impeach the testimony of any of the witnesses, it was not erroneous for the judge to instruct the jury that the wit-. nesses are presumed to speak the truth, and in the effort to reconcile conflicting evidence perjury should not be imputed to them. *Georgia Talc Co.* v. *Cohutta Talc Co.*, 140 *Ga.* 246 (5), 248 (78 S. E. 905).

3. The charge of the court in regard to the weight to be given to the testimony of witnesses was not erroneous on the ground that it invaded the province of the jury in dealing with that subject.

4. There was uncontradicted evidence of threats made by the accused to take the life of the deceased; and there was no error requiring a new trial in the charge:   "There is some evidence here as to threats.   I charge you that threats alone, while they may tend to show malice and intention, are not sufficient of themselves to authorize a conviction, but threats connected with other facts and circumstances may or may not be sufficient to authorize a conviction, as the jury may, from all the evidence, determine in the case."

5. Under the conflicting evidence there was no error in refusing to grant a new trial on account of the alleged bias of a juror. *Frank* v. *State*, 141 *Ga.* 247 (18), 283 (80 S. E. 1016).

6. Other assignments of error on the charge, relating to the law of circumstantial evidence, were insufficient for the grant of a new trial, and not of such character as to require elaboration.  The verdict was authorized by the evidence, and there was no abuse of discretion in refusing a new trial.          *Judgment affirmed.   All the Justices concur.*
                    MAY 14, 1914.

Indictment for murder.  Before Judge Fite.  Whitfield superior court.  March 2, 1914.

*William E. Mann*, for plaintiff in error.  *Warren Grice, attorney-general*, and *Sam P. Maddox, solicitor-general*, contra.