## SMITH v. THE STATE.

BECK, P. J.  1. The court did not err in admitting, over the objection that it was "too indefinite and too far removed from the time and place of the killing," evidence that the decedent said to his wife, a short time before leaving their home, that he was "going over to the hollow to hide a still; him and Bob Smith and Charlie Smith, Bose Hudgins, and Jim Fortenberry. He said he was going there to hide it. They were looking for the revenues next morning. He said he would have to go, that they were down there waiting for him, Mr. Hudgins was waiting for him, and get the still and worm before it got so dark."

2. Nor did the court err in admitting, over the objection that it put the defendant's character in issue, the following evidence of Charlie Smith: "I know when Bob Smith was arrested. He was arrested before Moore was. They found some whisky when Moore was arrested. I know about the raid and the arrest. I was arrested. I know where the still was; it was back up in the mountains from Bob's house." While this evidence may tend incidentally to put the defendant's character in issue, its chief effect in this case was to show motive and to connect the defendant with the commission of the crime, irrespective of his character.

3. The court did not err in overruling the ground of the motion for a new trial based upon the affidavit of a witness for the State, in which affidavit the witness changed in certain material respects the testimony given on the trial.    *Judgment affirmed. All the Justices concur.*

No. 865.  OCTOBER 15, 1918.

Indictment for murder. Before Judge Bartlett. Polk superior court. February 20, 1918.  (See ante, 332.)

W. W. *Mundy* and *Bunn & Trawick,* for plaintiff in error.

*Clifford Walker, attorney-general,* J. R. *Hutcheson, solicitor-general, Ault & Wright,* and M. C. *Bennet,* contra.