## WILSON *v.* THE STATE.

ATKINSON, J.  Error was assigned upon the following charge: "If
the testimony on the part of the witness against whom the impeach-
ing testimony has been offered, or testimony for the purpose of im-
peaching such witness has been offered, is believed by the jury to be
the truth, then they have the right to accept and use that testimony
in passing upon the issues in the case, even though there may be
testimony offered for the purpose of impeaching such witness." The
charge was assigned as erroneous, on the ground "that it was the
duty of the jury, if they believed that the witness had been success-
fully impeached (that is if they believed that the two main witnesses
for the State had made contradictory statements as to matters rele-
vant to their testimony, and to the case) to disregard the testimony
of such witnesses, unless corroborated in material particulars."
*Held*:  When considered in connection with the entire charge relating
to impeachment of witnesses, the portion of the charge excepted to
was not erroneous.  The criticism of the charge related to another
principle of law applicable to the case; but it was not a good ground
of objection to the charge as given, correct within itself, that the
judge did not also charge the principle as contended for.

(*a*) In *Stafford* v. *State*, 55 *Ga.* 592 (4), cited by counsel for plaintiff
in error, there was an appropriate assignment of error upon the
court's failure to charge the principle there announced.

2. Where evidence is admissible to show motive and to connect the
accused with the crime charged, the mere fact that it may tend
incidentally to put the character of the accused in issue would not
render it inadmissible.  *Smith* v. *State*, 148 *Ga.* 467 (96 S. E. 1042).
Applying this principle, the judge did not err in refusing to declare
a mistrial on account of remarks made by the solicitor-general, alleged
to be improper as reflecting on the defendant's character; nor did the
court err in admitting evidence as to illicit relations between the

accused and a woman, such evidence tending to show motive for the homicide and the defendant's connection with it.

3. Other grounds of the motion for new trial to which the principles announced in the preceding notes do not apply, relating to rulings on admissibility of evidence and alleged improper remarks of counsel, are without merit, and are not of such character as to require elaboration.

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 1933. JUNE 16, 1920.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. February 2, 1920.

*Shipp & Sheppard,* for plaintiff in error.

*Clifford Walker, attorney-general, Jule Felton, solicitor-general, Wallis & Fort,* and *M. C. Bennet,* contra.