## LITTLE v. THE STATE.

1. On the trial of one for murder, the fact that the deceased searched the home of the accused for whisky, and threatened to arrest the accused for violations of the prohibition law, is relevant as tending to show motive, especially when it appears that the accused resented the activities of the deceased and made threats; but evidence to the effect that the accused was suspected of selling whisky, and that it was generally said in the community that he was engaged in the illegal traffic in whisky, is irrelevant. Evidence that the deceased was a diligent and efficient officer is likewise irrelevant.

2. Where the law of justifiable homicide to prevent the commission of a felony upon the person of the slayer, as embraced in sections 70 and 71 of the Penal Code, is involved, it is error to limit the defense to the law of justifiable homicide in cases of mutual combat, as embraced in section 73 of the Penal Code.

(a) Where the law of justifiable homicide in cases of mutual combat is involved, the court should instruct the jury that the provisions of section 73 are applicable only in the event the jury find that the accused and the deceased were engaged in mutual combat.

(b) There being some evidence tending to show mutual combat, the court should have charged the law of voluntary manslaughter as related to mutual combat.

No. 2017.    DECEMBER 15, 1920.

Indictment for murder. Before Judge Irwin. Haralson superior court. January 2, 1920.

*J. M. McBride, H. J. McBride, Taylor Smith,* and *Edwards & Edwards,* for plaintiff in error.

*R. A. Denny, attorney-general, J. R. Hutcheson, solicitor-general, Graham Wright, Griffith & Matthews, M. J. Head,* and *Lloyd Thomas,* contra.

GEORGE, J. Joe Little, Grover Little, George Gable, Walter Amos, and Joe Stephenson Jr. were jointly indicted for murder. The defendants elected to sever, and Grover Little was placed upon trial. The jury returned a verdict of guilty of the offense of murder, with a recommendation to mercy. The defendant's motion for new trial was overruled, and he excepted. The deceased, Oscar Tolbert, was the marshal of Tallapoosa. The homicide occurred in the early part of the evening of May 23, 1919, at the storehouse of Joe Little, the father of the defendant. This storehouse was located in Tallapoosa. On the trial of the case the State offered certain evidence for the purpose of explaining the presence of the deceased at the storehouse at the time of the homicide, and to show a motive for the killing. A witness for the State, over

timely and appropriate objection, was allowed to testify that Grover Little was "suspicioned" of handling whisky in Tallapoosa, and that at the time of the homicide "the talk was over Tallapoosa that the Littles were selling whisky." To another witness for the State the solicitor-general propounded the following question: "What was the general reputation in Tallapoosa as to Mr. Little and Grover about being — violating the law in regard to the liquor business, or other things, if any?" The witness asked, "What do you mean by the general reputation, what people say about it?" The solicitor-general replied, "Yes, sir." The witness was then permitted to answer, over appropriate objection by counsel for the defendant, as follows: "People, some of them, think they handle whisky." There was other evidence admitted upon the trial, substantially to the same effect. It was of course competent for the State to show that the deceased had searched the home of Joe Little, with whom the defendant resided, for whisky; that the defendant had resented the conduct of the marshal and had threatened to take his life. *Hayes* v. *State,* 126 *Ga.* 95 (54 S. E. 809). It was also competent to show that the deceased went to the storehouse of Joe Little, on the night of the homicide, for the purpose of searching it for whisky, or for the purpose of apprehending the defendant, Grover Little. On the trial of a criminal case the State has the right to introduce all competent, relevant, and material evidence either to prove the main issue involved or to disprove the contention of the defendant, or for the purpose of discrediting the defense; and it affords no valid ground of objection that such evidence may tend incidentally to put the defendant's character in issue. *Owensby* v. *State,* 149 *Ga.* 19 (98 S. E. 552). Nevertheless the fact that the defendant was sus-, pected of selling whisky and that his general reputation in the community was that he handled whisky was neither relevant nor material. Such hearsay evidence tended directly to put the defendant's character in issue.

The witnesses for the State were permitted to testify that the deceased was a diligent and efficient officer. We are also of the opinion that this evidence should have been rejected.

Except as indicated above, none of the rulings of the court on the admissibility of evidence show reversible error.

2. Complaint is made of the following charge to the jury: "Now

I will charge you the law in reference to self-defense, and see whether or not the proof comes up to that requirement. If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. You will notice from that, gentlemen of the jury, that in order that one shall kill another in his own defense, that it must be absolutely necessary to do so. The danger must be urgent, or it must be apparently urgent at the time the fatal shot is fired, before he would be justified in taking the life of the deceased. It must appear also, as you notice from the reading of the statute, it must appear that the person killed was the assailant, or that the slayer had really and in good faith — Tolbert in this case — I mean Little, in this case Grover Little, had really and in good faith endeavored to decline any further struggle before the mortal blow was given. That is the definition of the rule of law, and I shall not undertake to go into lengthy details with you. I give you the statute that controls the issues in this case, as briefly and clearly as I can do so, that you may apply the evidence to this rule of law and see what the truth is in this case." The charge quoted is in substance the law of justifiable homicide in cases of mutual combat only, as contained in section 73 of the Penal Code, and has no connection with the law of homicide to prevent the commission of a felony on the person of the slayer. While certain phases of the evidence authorized a charge upon the law of mutual combat, nevertheless the main contention of the accused was that the killing was in pure self-defense; that is to say, the accused contended that the deceased was, at the time of the homicide, manifestly endeavoring or intending, by violence or surprise, to commit a felony on the accused. This theory of the defense did not rest alone upon the statement of the accused, but was supported by the testimony of witnesses in his behalf. Complaint is also made that the court failed to give in charge to the jury the law of justifiable homicide, as embraced in sections 70 and 71 of the Penal Code. "It is justifiable homicide, under our law, for one to kill another who is manifestly intending or endeavoring, by violence or sur-

prise, to commit a felony on his person; and this is true without regard to the grade of felony; and it is not a correct proposition of law, that when one kills another to prevent the commission of a felony on his person, the danger must be so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was necessary. On the contrary, it is only necessary to be shown that the circumstances were sufficient to excite the fears of a reasonable man that such felony was about to be committed upon him, in order to justify the homicide." *Ragland* v. *State,* 111 *Ga.* 211, 216 (36 S. E. 682). The charge given by the court applies only in cases of homicide where the parties have previously engaged in mutual combat. *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277) ; *Stubbs* v. *State,* 110 *Ga.* 916 (36 S. E. 200). Where, under the evidence, the law of justifiable homicide in cases of mutual combat is involved, the court should nevertheless instruct the jury that the provisions of section 73 of the Penal Code should be applied only in the event the jury find from the evidence that the defendant and the deceased were engaged in mutual combat. The charge as given, and the failure of the court to give in charge the provisions of sections 70 and 71 of the Penal Code, necessarily limited the defense to justifiable homicide in cases of mutual combat only. As we have said above, there was some evidence from which the jury might have found that the accused and the marshal were engaged in mutual combat; and the judge should have charged the law of voluntary manslaughter as related to mutual combat. *Findley* v. *State,* 125 *Ga.* 579, 583 (54 S. E. 106), and cases cited.

Except as indicated above, the charge of the court, his refusal to charge, or his failure to charge, complained of in the amended motion for new trial, shows no cause for reversal. We do not deal with some of the errors assigned; because the questions presented are not likely to arise upon another trial. Since the case is to be tried again, we express no opinion on the sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*