McDOW *v.* THE STATE.

No. 9214.   MARCH 20, 1933.

*S. H. Dyer, E. B. Crim,* and *D. T. Ware,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, William Y. Atkinson, solic-itor-general, T. R. Gress, assistant attorney-general,* and *Luther M. Wyatt,* contra.

768

RUSSELL, C. J. (After stating the foregoing facts.)

■ It appears from a careful examination that the evidence in behalf of the State warranted the verdict. The three general grounds of the motion for new trial are not argued in the brief of counsel. Thus it is conceded that the evidence would be sufficient to convict, but for the errors of which complaint is made.

■ The first special ground of the motion complains that the court erred in refusing a change of venue, and, in so ruling, making remarks which, it is contended, were extremely improper and prejudicial to the accused. In the exercise of his discretion and upon the evidence adduced, the court did not err in the refusal of a change of venue. There was ample evidence authorizing the judge to find that the defendant could receive a fair and impartial trial at the hands of jurors who were not influenced by passion, partiality, or prejudice. The judge's remarks were as follows: "So far as the evidence in this case is concerned, I do not see anything to substantiate the motion. So far as the fact that he is to be tried in three weeks is concerned, I think it unfortunate that anybody can't be tried in three weeks for any violation of the law of which they are accused. In most civilized countries the trial would have already been held before this time. I do not think there is anything in the proposition that the trial is too soon after the crime was alleged to have been committed under the evidence in this case. I overrule the motion for a change of venue." In the assignment of error it is said "that when this statement was made by the court the court-room was full of people, and three of the jurors who were later selected on the jury were in the court-room and heard this statement by the court, which defendant alleges was prejudicial and harmful; that the three jurors could have been influenced against the defendant by hearing the above statement of the court." The movant did not apprise the court, in this ground of the motion, who were the three jurors who heard the statement, or give a statement of any evidence by which it could be determined whether they could, should, or would have been influenced by hearing the judge's remarks. For this reason the assignment of error is insufficient to enable this court to determine whether there was any error. The language used certainly does not give evidence that the court expressed or even intimated any opinion as to the guilt or innocence of the accused, and therefore does not fall within the inhibition of the Penal Code, § 1058.

The court admitted in evidence the following letter, which purported to have been written by the defendant in November, 1931: "To the Public. This word to tell you that I am not crazy, just tired of having to work all my life away and get nowhere, not even to be appreciated. So I am doing this because my wife has made it hard for me and will not let up, so if she has doomed my life I think she should pay an equal amount. Good-bye to all. J. R. McDow." The admission of this letter is assigned as error, "because it is overly irrelevant, immaterial, and prejudicial, in as much as this note was written back in November, 1931; it could not have had any bearing on the case, but the jury could have been prejudiced on the idea of a threat being made several months prior to the commission of the alleged crime." We do not think the court erred for the reasons assigned. It does not appear what were the objections made at the time that the letter was offered. There was no attack upon the admission of the paper based upon lack of proof of its authenticity. The court could well have admitted it for consideration of the jury to determine whether it amounted to a threat of bodily harm to the deceased, and whether the threat was a mere idle threat not intended to be put into execution, or the expression of an intention which was retained and not abandoned at the time of the homicide.

Complaint is made that the court erred in admitting the dying declaration of Mrs. McDow, quoted above. It is alleged that the error consists in the fact that the declaration was written and dated April 17, 1932, and the fact that the alleged crime did not take place until April 18, 1932; "that is the declaration shows a day prior to the actual homicide." The uncontradicted evidence showed that the scrivener reduced Mrs. McDow's statement to writing some hours after the assault from which she died. So we think that a misstatement of the date in no way affects the statement to the injury of the plaintiff in error. It was a palpable lapsus pennæ.

Complaint is made of the admission of testimony of Rev. C. M. Goforth, that, three or four months before the killing, the defendant and his wife came to him for advice, and that the defendant stated in his presence that he had murder in his heart. The assignment of error is that "this testimony was prejudicial and harmful, and had reference to a statement made several months prior to the alleged crime. The defendant, at the time this testi-

mony was offered, objected to same and moved to exclude it upon the grounds it was irrelevant and prejudicial. The court overruled the objection and refused to exclude the testimony. The defendant excepted [to] this overruling, and he assigns error thereto, and says that said overruling was contrary to the law, and it was error to overrule the testimony over the objection of defendant, and that said error was harmful and prejudicial, and that the effect of said testimony was necessarily to prejudice the jury against him." The entire testimony upon the point is not set forth in this ground of the motion. The statement of the witness is in the nature of a threat by the defendant to take life; and as it was made while discussing the state of his relations with his wife, the threat to kill might well be construed that this intention related to her. In *Hixon* v. *State,* 130 *Ga.* 479 (61 S. E. 14), this court held: "Where a threat is made to kill some one, and the testimony indicates that the threat was made against a person who was afterwards murdered, evidence of such threat is admissible against the person making it, upon his trial for such murder." In the opinion it was said: "It does not appear from the testimony when the threat referred to was made, but, taking all of her testimony together, it would seem to indicate that the threat was made the first of the year; which would make the issuance of the threat several months prior to the commission of the homicide. If the threat was made, however, several months before the homicide, this fact would not make it inadmissible because too remote in point of time. *Keener* v. *State,* 18 *Ga.* 194 (63 Am. D. 269); *Everett* v. *State,* 62 *Ga.* 65; *McDaniel* v. *State,* 100 *Ga.* 67 (27 S. E. 158); *Graham* v. *State,* 125 *Ga.* 48 (53 S. E. 816). . . There is nothing in the testimony to indicate that the threat was uttered against any person other than the deceased; and we think the testimony was clearly admissible, to be given such weight and consideration as might be thought proper by the jury. *Harris* v. *State,* 109 *Ga.* 280 (34 S. E. 583); *Warwick* v. *State,* 125 *Ga.* 133 (53 S. E. 1027)."

Error is assigned on the admission, over objection, of testimony of Mrs. W. L. Jennings, that in January or February Mr. and Mrs. McDow were living in a state of separation, and "I heard him make threats towards Mrs. McDow, my sister." Also, that during this conversation the defendant said: "You know Eula [defendant's sister] killed her husband and got out of it, and I can

do the same thing." This ground of the motion, under a well-settled rule, presents nothing for our consideration. It does not appear that the objection was made at the time the evidence was offered, nor does it show the nature of the objection made at that time. *Somers* v. *State,* 116 *Ga.* 535 (3) (42 S. E. 779); *Wynne* v. *State,* 123 *Ga.* 566 (51 S. E. 636). We can not, without this information, determine whether the court erred or not.

■ The last two grounds of the motion for a new trial allege disqualification of jurors. Juror A. J. Allen is attacked by evidence that he made a statement that J. R. McDow should be electrocuted, and that if he (Allen) were on the jury he would see that J. R. McDow would be electrocuted; that he had talked with an eye-witness all about the case, etc. Juror O. C. Bagley was attacked as not impartial, on account of expressions made by him which evidenced preconceived determination as to his verdict. In both instances the attack was thoroughly supported by witnesses as to the character and credibility of the affiants who testified as to having heard the remarks made by the jurors. However, the testimony as to the disqualification of the jurors was in conflict. In these circumstances it is well settled that the judge is the trior; and his discretion in preferring one witness to another can not in any case be interfered with, unless there is a manifest abuse of discretion. Moreover, it appears that neither the defendant nor his counsel made the affidavit required by law. There is nothing in the record to show that they did not know, before the trial, all of the facts disclosed in the grounds alleging newly discovered evidence as to the jurors. The rule is invariable that in applications for new trial based on newly discovered evidence, both the party and his counsel must swear that the evidence was not only unknown prior to the trial, but that it could not have been discovered by the exercise of ordinary diligence. Civil Code (1910), § 6086.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*