23604.　GRANISON *v.* THE STATE.

DECIDED MAY 29, 1934.

*Frank T. Grizzard, John I. Kelley, James R. Venable,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. Walter LeCraw, E. A. Stephens,* contra.

MacIntyre, J.   The indictment charges that Harvey Granison and Wylie Granison committed robbery by forcibly taking from the person of J. F. Cottongim $130, the property of Cottongim. Having been found guilty of the offense charged, Harvey Granison moved for a new trial.

J. F. Cottongim testified, that, at about half-past seven o'clock in the evening, at the corner of Chamberlin and Young streets, in the city of Atlanta, at a time when he was .driving for Whitman's Laundry, Harvey and Wylie Granison held him up at the point of a pistol and forcibly took from his person $80 belonging to his employer and $40 of his own money.   The substance of the defendant's case is that he was elsewhere when the robbery was committed, and that, after the robbery, both the Granisons were pointed out to Cottongim and he failed to identify them.   The State introduced testimony which contradicted the last contention.   The jury having seen fit to accept the State's evidence as true, it is not within the power of this court to reverse the judgment, upon the general grounds.

It appears from the first special ground, numbered 4, that on cross-examination the witness Cottongim testified as follows: "I thought I was under an insurance bond.   I thought that was the custom, and the reason I submitted to everything rather than get shot.   I thought I was covered by insurance, but found out later I was not.   I got in the office and found one policy had lapsed out. You ask me if I don't know when I am bonded I have to sign a paper.   But we are not bonded now.   I know when you are bonded you have to sign a paper."   Counsel insisted that the evidence was admissible to show the witness's "interest in the case," and the court held that it was "immaterial."   Error is assigned because the court erred "in overruling and not allowing the question of insurance to go before the jury."   The witness had been held up at the point of a pistol and robbed of $80 of his employer's money and $40 of his own money.   Most likely he was interested in pro-

curing the conviction of the parties who robbed him, and we do not think that to have allowed him to testify that he "submitted to the robbery rather than get shot," because he thought he "was under an insurance bond," and that he subsequently found out that he was not "bonded," would shed any material light on "his interest in the case." "When even a party is under cross-examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of his question apparent." *City Bank of Macon* v. *Kent,* 57 *Ga.* 283 (16). See also *Sims* v. *State,* 177 *Ga.* 266, 271 (170 S. E. 58), and *Stylzs* v. *State,* 176 *Ga.* 637 (3) (168 S. E. 887), where the "rule of relevancy" was applied to the cross-examination of a witness. We hold that the ground is not meritorious.

In ground 5 the plaintiff in error sets out at length the charge of the court on the subject of alibi, and also sets out a charge which it is contended should have been given upon that subject. The assignment of error is that "the charge . . was not full and complete and amounted to an expression of opinion on the part of the court, and left the jury confused as to the nature of an alibi and the consideration that a jury should give an alibi." The charge given by the court is in substantial accord with the requirements stated in *Harrison* v. *State,* 83 *Ga.* 129 (3) (9 S. E. 542), and contains the elements of the charge which counsel contend should have been given. No charge on the subject of alibi was requested, and the charge given was not confusing to the jury and expressed no opinion of the court. The ground is without merit.

In special ground 6 movant contends that "the court erred in not giving the full and complete charge on the law of conspiracy, and said charge amounted to an expression [of opinion?] on the part of the court." The charge complained of is as follows: "I charge you, if two or more persons enter into a common intent and purpose to commit an offense, and they do in fact commit that offense, both in fact being present at the time it was committed, the acts of one would be the acts of the other and both would be criminally responsible therefor." Counsel set out in the ground what they deem would be a proper charge upon conspiracy. In regard to the assignment of error upon the foregoing charge, we deem it only necessary to say that no inherent defect in the charge is pointed out, that no fuller charge was requested, and that it did

not amount to an expression of opinion on the part of the court. We hold that the charge was not erroneous for any reason assigned.

Immediately following the assignment of error set out above, and apparently in the same ground, "movant contends and insists that the court erred in giving in charge to the jury . . that if they found the evidence sufficient, it would be their duty to convict both defendants, and, further, in withdrawing his charge to the jury, the court failed to fully instruct the jury as to the law and penalty covering each defendant individually, if they found the evidence sufficient to convict; and, further, the court erred in failing to instruct the jury as to disregarding the law of conspiracy if they found one defendant guilty and the other not guilty under the evidence." The ground next contains a large portion of the court's charge, it appearing that the court finally recalled the jury to the box and instructed them as follows: "In my original charge to you, and also in my recent charge to you, the court made the statement that you could not convict one of the defendants of the offense of robbery without convicting the other. At this time the court desires to specifically withdraw that charge to you and instruct you now to disregard that entirely in making up your verdict. I charge you that you might convict one and acquit the other. The questions of fact in reference to each one of the defendants being peculiarly one for the jury, as to the guilt or innocence of each of the defendants." The ground next contains a charge which it is insisted the court should have given "in withdrawing his original charge." The ground might properly have been divided into at least two grounds; and many of the criticisms of the court's charge and failure to charge are very indefinite and general. It is true that the court erroneously instructed the jury that they could not convict one defendant without convicting the other, but in the original charge the judge instructed them specifically as to the proper penalty for the offense, and when the jury was recalled to the box, he withdrew his erroneous charge in language so clear and forceful that it is inconceivable that a juror of any intelligence could have failed to understand that the former charge was withdrawn, and that the jury could "convict one and acquit the other." It might not be amiss to state in this connection that the jury evidenced no confusion in fixing the penalties or framing the verdicts. They found Wiley Granison guilty, fixed

his penalty at two years, and recommended that he be punished for a misdemeanor, and in the case of Harvey Granison, the plaintiff in error, they found him guilty and fixed his punishment at a minimum of twenty years and a maximum of twenty years. Without more, we deem it only necessary to state that a careful study of the ground, which covers ten pages, satisfies this court that it discloses no reversible error.

In conclusion we hold that the evidence supports the verdict, and that the motion for a new trial discloses no reversible error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*