27894. GILES *v.* POPPELL.

DECIDED NOVEMBER 13, 1939.

*William H. Boyd,* for plaintiff in error.
*Walton Usher, Clarence T. Guyton,* contra. '

SUTTON, J.   This was a suit for damages by C. J. Poppell against Pete Giles.   It was alleged in the petition that, on November 20, 1937, the plaintiff was driving his Ford automobile in a southerly direction on State route No. 21, near Goshen church in Effingham County, Georgia, where he met the defendant driving a Dodge truck at a reckless rate of speed in the opposite direction; that on approaching each other on a curve the plaintiff dimmed the lights on his car and got well over on his right side of the road, but that the defendant drove his automobile truck across the center line of the road and struck the plaintiff's automobile, damaging it in the sum of $75, and that the defendant was guilty of gross negligence in so doing.   The defendant answered, denying liability and the alleged acts of negligence against him.   A verdict was rendered in favor of the plaintiff for $65, and the case is here on an exception to the judgment overruling the defendant's motion for new trial on the ground of newly discovered evidence.

1.   The newly discovered evidence on which a new trial is sought is set out in an affidavit of Stanton B. Lee in the amended motion for new trial, and is to the effect that on or about November 20, 1937, around eight or nine o'clock p. m., deponent, accompanied by his wife, was driving his automobile truck north on State route No. 21, when he was stopped on said road near Goshen church in Effingham County by the plaintiff, who was drinking and who charged said Lee with sideswiping his Ford automobile while it was parked on the side of said road while the plaintiff was in a near-by store; that the deponent denied that his truck hit the plaintiff's car; "that said Poppell then drove on ahead of deponent's truck, and, following said Poppell in his truck, deponent saw Poppell had stopped another truck on said highway near I. C. Helmly's farm near Rincon and was talking to a colored man whom he believes was Pete Giles, the defendant in the above-stated case." Mrs. Stanton B. Lee made an affidavit that she was present with her husband, and that the facts stated in his affidavit were true. No brief of the evidence introduced on the trial of the case was brought up in the record; but assuming that the plaintiff intro-

duced evidence to sustain the allegations of his petition, as a verdict was rendered in his favor, the alleged newly discovered evidence is merely impeaching in its nature, and is too indefinite and uncertain, in so far as the same relates to the accident between the automobile of the plaintiff and the truck of the defendant, as to likely produce a different verdict at another trial. For these reasons the proposed newly discovered evidence was insufficient to require the grant of a new trial. It is well-settled law that newly discovered evidence which is merely impeaching in its nature, or which would not likely produce a different result upon another trial, will not require or authorize the grant of a new trial.

2. Furthermore, the defendant and his counsel do not swear in their supporting affidavit that the alleged newly discovered evidence could not have been discovered by the exercise of ordinary diligence. Code, § 70-205; *Smiley* v. *Smiley,* 144 *Ga.* 546 (3) (87 S. E. 668); *McDow* v. *State,* 176 *Ga.* 764 (7), 771 (168 S. E. 869); *Adams* v. *State,* 50 *Ga. App.* 507 (3) (179 S. E. 223).

3. An application for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and the refusal to grant a new trial on that ground will not be disturbed unless his discretion is abused. *Lakes* v. *Lakes,* 171 *Ga.* 692 (156 S. E. 620), and cit.; *Central of Georgia Ry. Co.* v. *O'Kelley,* 14 *Ga. App.* 273 (3) (80 S. E. 688). There being no abuse of that discretion in the present case, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*