There is no merit in either of the special grounds of the motion for a new trial, complaining that the right of cross-examination was abridged, since each of the questions propounded called for a conclusion of the witness, and one of them was also argumentative. The general grounds were expressly abandoned.
(a) The court did not err in refusing a new trial.
 No. 15516. JULY 5, 1946.
Wilburn Post was tried and convicted in Fulton Superior Court of the offense of murder, the verdict containing a recommendation to mercy. He made a motion for a new trial on the general grounds and two special grounds. His motion for new trial was overruled and he excepted. There was evidence that the killing occurred under the following circumstances: The defendant and two girls entered a restaurant for the purpose of obtaining sandwiches. Preston Nalls (the deceased) was in the restaurant at the time and spoke to the girls, but the woman operating the restaurant later ordered him to leave because he was cursing and arguing with some one. He was on the outside of the restaurant when the defendant and the two girls came out. The deceased made a remark *Page 82 
to one of the girls, and the defendant approached him with his arm raised. The deceased backed away waving his left hand while his right hand was in his pocket. He told the defendant to go on back, he did not want to bother him. The defendant stabbed the deceased over the heart with an ice pick, killing him almost instantly.
The defendant's statement to the jury was in part as follows: "We goes into this place to get a sandwich. This fellow Preston was cursing. When we walked in he started cursing me. The lady fixed the sandwiches and she put this fellow out. This fellow said when I came out what he would do. I was on the stool. The ice pick was sticking in the floor, and I put it in my pocket to try to protect my life. I was the last one out, and when I came out he said (cursing) `You want to be smart,' and grabbed the girl, and I went to take him loose from the girl, and he ran his hand in his pocket and brings out a knife — had a knife in his hand, and I struck him with the ice pick."
Counsel for the plaintiff in error states in his brief that the general grounds of his motion for a new trial are not insisted on.
The amended motion for new trial consists of two grounds only, involving similar questions.
The first amended ground assigns error because during the trial of the case, and on cross-examination of a witness for the State, Gertrude Weems, the court would not permit counsel for the defendant to ask the witness the following question: "He had his right hand in his pocket as if he was reaching for something?" The question was objected to as calling for a conclusion of the witness, which objection was sustained. The assignment of error states: that the ruling of the court deprived the movant of his right to a thorough and sifting cross-examination of a State's witness; that the defense was justifiable homicide in defense of self, and the question propounded was vital in that counsel for the movant was attempting to show that the moment before the stabbing, the deceased reaching into his pocket with his right hand, as if reaching for something, thereby causing the movant to fear for his safety at the hands of the deceased.
The other special ground assigns error, for that during the cross-examination of the same witness for the State, counsel for the movant asked the witness the following question: "And you would not have seen a knife in his hand if he had had one, because you *Page 83 
could not see the ice pick, is that true?" Substantially the same objection was made by counsel for the State to this evidence as was made to the question asked and referred to in the first ground of the amended motion for new trial. The objection was sustained by the court, and the same assignment of error is made in this ground as was made in the first ground.
The following testimony of the witness, Gertrude Weems, and questions propounded, will show the circumstances under which the rulings were made: "I heard Post [the defendant] say something, I did not know what, and I looked back and he had his hand in the air. The other boy [the deceased] had one hand up and the other in his pocket. He had his left hand up.
"Q. He had his right hand in his pocket as if he was reaching for something?
"Mr. Parham: I think that's an improper question.
"Mr. Bowers: She is on cross-examination. This is the State's witness. I think we have a right to draw those answers out.
"Mr. Parham: I think it would be for the jury to say.
"The Court: I sustain the objection.
"I did not see what this defendant had in his hand. I saw him when he hit Preston on the left side, and that's when I ran. It was so dark I could not see what he had in his hand. The doorway into the restaurant had a shed over it, and that prevented the street light from shining down. As to whether it was dark where the boys were — it was not exactly dark under the shed. The street light was on the other side of the street. It was night. It was so dark that I could not see what this defendant had in his hand, although I know now that he had an ice pick. As to whether I could have seen a knife in Preston's hand if he had one — you could not hardly see an ice pick, because it is round, but a knife is shiny.
"Q. And you could not have seen a knife in his hand if he had had one, because you could not see the ice pick, is that true?
"Mr. Parham: That would call for a conclusion.
"Mr. Bowers: I still say that she is in cross-examination.
"The Court: I sustain the objection, based on it calling for a conclusion."
The general grounds of the motion for new trial having been expressly abandoned, the only questions for decision are those presented by the two special grounds complaining that the right of cross-examination was infringed.
While the right to a cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him (Code, § 38-1705), yet the scope of the cross-examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused.Clifton v. State, 187 Ga. 502 (4), 508 (2 S.E.2d 102);Pulliam v. State, 196 Ga. 782 (2-4) (28 S.E.2d 139).
The first question was objectionable as calling for a conclusion. Keener v. State, 18 Ga. 194 (3), 218 (63 Am. D. 269); Hawkins v. State, 25 Ga. 207 (71 Am. D. 166);Gardner v. State, 90 Ga. 310 (4) (17 S.E. 86, 35 Am. St. R. 202); Mayor c. of Milledgeville v. Wood, 114 Ga. 370 (2) (40 S.E. 239); Barron v. Chamblee, 199 Ga. 591 (1) (34 S.E.2d 828). See also City of LaGrange v. Pounds, 50 Ga. App. 219,223 (6) (177 S.E. 762).
The second question not only called for a conclusion, but was argumentative. Code, § 38-1704; 70 C. J. 508, § 676. Accordingly, it does not appear in either ground that the right of cross-examination was unreasonably abridged. Echols v. State,153 Ga. 857 (2) (113 S.E. 170); Clifton v. State.187 Ga. 502 (4), 508 (supra); Pulliam v. State, 196 Ga. 782
(2-4), (supra).
The court did not err in refusing a new trial.
Judgment affirmed. All the Justices concur.