ANDERSON V. THE STATE.

DUCKWORTH, Chief Justice. 1. Where evidence is admissible to show motive and to connect the accused with the crime charged, the mere fact that it may tend incidentally to put the character of the accused in issue would not render it inadmissible. *Wilson* v. *State,* 150 *Ga.* 285 (2) (103 S. E. 682); *Cooper* v. *State,* 182 *Ga.* 42, 51 (184 S. E. 716, 104 A.L.R. 1309); *Williams* v. *State,* 152 *Ga.* 498 (110 S. E. 286); *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016); *Hill* v. *State,* 148 *Ga.* 521 (97 S. E. 442). But it is error to allow, over objection of the defendant, prejudicial and irrelevant matter to go before the jury in a trial which tends to place his character and conduct before the jury, where the nature of the case does not involve such character, and the same does not render necessary and proper the investigation thereof. Code, § 38-202; *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602); *Moose* v. *State,* 145 *Ga.* 361 (89 S. E. 335).

2. It is essential that the jury be not improperly influenced or prejudiced against persons on trial; and if the jury act from passion or prejudice against the accused in rendering their verdict against him, a new trial will be granted. *Flanagan* v. *State,* 106 *Ga.* 109 (32 S. E. 80); *Fitzgerald* v. *State,* supra. When improper evidence which is harmful to the defendant is allowed over objection, it cannot be said that such evidence did not prejudice the defendant. *Owens* v. *State,* 118 *Ga.* 753 (45 S. E. 598); *Johnson* v. *State,* 128 *Ga.* 71 (57 S. E. 84); *Fitzgerald* v. *State,* supra.

3. The testimony submitted by the State, over objection, that the accused was operating a disorderly house was irrelevant, immaterial, and prejudicial, since it placed her character in issue where the nature of the case did not involve character; and the testimony objected to above could not show motive, plan, or scheme to commit the crime for which she was indicted.

4. It was not error to admit in evidence, over the objection that it was irrelevant, immaterial, and prejudicial, a photograph of the body of the deceased child taken after its death and 11 days after its admission to the hospital. There was testimony that the child's emaciated

body at the time it was admitted to the hospital, was the same as .pictured in the photograph. *Johnson* v. *State,* 158 *Ga.* 192 (2) (123 S. E. 120); *Bryan* v. *State,* 206 *Ga.* 73 (2) (55 S. E. 2d, 574); *Tatum* v. *State,* 206 *Ga.* 171 (56 S. E. 2d, 518), and citations.

5. For the reason stated in headnote 3 above, the trial court erred in failing to grant the motion for new trial as amended. Since a new trial will be ordered, and the evidence at that time may not be the same as here, no ruling is made on the sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*

No. 16981. FEBRUARY 15, 1950.

*George W. Westmoreland,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.