### 32891. DAY *v.* THE STATE.

DECIDED MAY 2, 1950.

*George W. Westmoreland,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.

MACINTYRE, P. J. Daisy Craig Day was indicted for murder of her child, in that it died of malnutrition which was the result

of criminal negligence on the part of the mother. She was convicted of involuntary manslaughter. Her motion for a new trial, based upon the usual general and three special grounds was overruled and she excepted.

■ Except for special ground 3, the points made in this case are identical with those raised in *Anderson* v. *State*, 206 *Ga.* 527 (supra). The two women, Anderson and Day, lived in the same house and each was indicted for the murder of her child. Both were tried in the same court on the same day and in its material details the evidence is almost identical. The Anderson woman was convicted of murder and her appeal upon the overruling of her motion for a new trial was taken to the Supreme Court. The Day woman, the defendant in this case, was convicted of involuntary manslaughter, as we have said, and for that reason her appeal upon the overruling of her motion for a new trial was brought to this court. Under these circumstances, this court is bound by the rulings of the Supreme Court as to grounds 1 and 2 of the amended motion for a new trial. It follows, therefore, that under the rulings in *Anderson* v. *State*, supra, the trial court erred in overruling the motion for a new trial.

■ In special ground 3 of the motion for a new trial (a ground not urged in the *Anderson* case, supra) error is assigned upon the admission of the following testimony of Jim Bell, a police officer: "Mr. Aaron was the neighbor who told me about the child, he and Mr. Nix. He told me I ought to go over there and look at these children and I said would you mind going down and go before the mayor and council they are in session now and make your complaint so I would have authority to go and he said he would go and so we went down there and butted in their business and I told them I had something reported to me that I would like to have assistance on and I asked them would they listen to it and he told me he would and Mr. Nix did the talking and he told them the condition the children were in over there and the mayor ordered me to call the doctor and I called Dr. Stovall and I asked him and some of the council to go over there with me and him and the mayor, Mr. Crow one of the council members and Dr. Stovall and the night man and these two gentlemen went over there." The child referred to in this

testimony is the one alleged in the indictment to have died as the result of malnutrition and criminal neglect of the mother, the defendant in this case. This testimony merely explains the conduct of the witness and explains why he, as an officer of the law, took the action he took, upon the complaint of the defendant's neighbors. See, in this connection, *Brown* v. *Matthews,* 79 *Ga.* 1 (4) (4 S. E. 13) ; *Grant* v. *State,* 75 *Ga. App.* 784 (3), 788 (44 S. E. 2d, 513) ; *Harris* v. *State,* 191 *Ga.* 555 (6) (13 S. E. 2d, 459). This assignment of error is without merit.

For the reason stated in division 1 of this opinion, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*