DENSON *v.* THE STATE.

356

No. 17934.   Submitted July 14, 1952—Decided October 14, 1952.

*Thomas W. Johnson* and *Robert V. Jones Jr.*, for plaintiff in error.

*William M. West, Solicitor-General, Charles F. Adams, Eugene Cook, Attorney-General,* and *J. R. Parham,* contra.

ALMAND, Justice. Headnotes 1-3, 6 and 7 require no elaboration.

There was no eyewitness to the killing. The conviction of the defendant depends entirely upon his confessions and the facts and circumstances corroborating them. The evidence shows a brutal and wanton slaying. The confessions which were admitted in evidence contain a full and complete admission of guilt on the part of the defendant, and the facts and circumstances fully corroborate these confessions. Whether the verdict of the jury finding the defendant guilty of the crime be upheld, depends solely upon the question of whether or not the

court erred in admitting these confessions in evidence. The defendant contends that these alleged confessions were inadmissible, for the reason that they were not freely and voluntarily made but were obtained by force and coercion. The testimony of the officers, to whom the confessions were made, made out a prima facie case on behalf of the State, that they were freely and voluntarily made. The contention of the defendant that they were not freely and voluntarily made arises solely by the statement of the defendant at the trial, in which he claimed that he was forced by physical violence to make the confessions, and that whatever statements were made were caused by physical mistreatment. These acts of physical violence were alleged to have taken place in the automobile of the sheriff after the defendant's arrest, in the jail at Jeffersonville, and in the jail at Macon. David Stevens was present in the automobile at all times between the arrest and the lodgment of the defendant in jail at Jeffersonville, and testified positively that no one committed any acts of physical violence upon the person of the defendant or used any force or threats to make him confess. Other witnesses testified likewise as to the statements made by the defendant when he was in Jeffersonville, and at the time his statements were reduced to writing. As to the statements made in Macon, some 4 or 5 witnesses testified that no physical duress was exerted on the defendant. The person who took photographs of the defendant in Macon testified that he saw no evidence of any physical injuries on the person of the defendant. Another witness, Joe Bailey, who saw him on June 21, testified that there was no evidence of any physical injuries to his person. Under no circumstances can it be said that the evidence demanded a finding that the confessions were made by reason of coercion and were involuntary. Under the evidence and the statement of the defendant, the question of whether or not the confessions were freely and voluntarily made was one for the jury, and their conclusion in this regard is fully sustained by the evidence. Therefore it was not error to overrule ground 4 of the amended motion, which complains of the admission of these confessions in evidence.

*Judgment affirmed. All the Justices concur.*