## 18362. REVILL *v.* THE STATE.

WORRILL, Justice. William Revill was tried for rape and sentenced to serve 20 years in the penitentiary. The defendant's motion for new trial on the general grounds and six special grounds, complaining of rulings on the admissibility of evidence, and the refusal to declare a mistrial, was denied, and he excepted. *Held:*

1. Where, as here, the prosecutrix testified that she identified the defendant before the officer put the hat and coat on him, the trial court did not err, as complained of in the 5th special ground of the amended motion for new trial, in refusing to allow the prosecutrix while on cross-examination to answer a further question asking why was it necessary for the officer to put the hat and coat on him. This is true for the reason that such question called for a conclusion upon the part of the prosecutrix, and therefore the refusal to allow the answer was not in violation of the defendant's right to a thorough and sifting cross-examination. Code § 38-1705; *Post* v. *State,* 201 *Ga.* 81 (39 S. E. 2d 1).

2. Testimony as to what clothing the defendant wore on other occasions was immaterial, and, accordingly, the trial court did not err, as complained of in the 8th special ground, in refusing to allow a witness for the defendant, who had known him about 6 months, to testify how he generally dressed, and that he never wore a hat during the time she had known him.

3. The question of identity of the defendant as the person committing the crime is for the jury. *Osborne* v. *State,* 209 *Ga.* 345 (4) (72 S. E. 2d 317). It follows that the trial court did not err, as complained of in the 6th special ground, in allowing a witness for the State, when asked if she knew the defendant, to testify that she did not know him until she saw him go off, and that she believed it was he.

4. A police officer testified: Q. "Was there any particular characteristic that she [prosecutrix] mentioned identifying him?" A. "She said if she ever saw him she could identify him by his eyes, that he had the most peculiar eyes." The Court: "Was the defendant present at that time?" A. "Yes, sir, he was present." The trial court did not err, as complained of in the 7th special ground, in admitting the above testimony. *Walker* v. *State,* 197 *Ga.* 221 (2) (28 S. E. 2d 656).

5. An attorney for the State in arguing the case to the jury stated that the defendant was "nothing but a confirmed sex pervert and, if you turn him loose, it will be dangerous for your wife to walk the streets. . . Now is the time to get rid of him." This court has held: "A mistrial should not be granted for alleged improper remarks of the solicitor-general, where the remarks are sustained by evidence." *Pressley* v. *State,* 207 *Ga.* 274 (4) (61 S. E. 2d 113). Applying this principle, where there was evidence that the injured female was seized while walking along the, street on her way home from work, dragged under a house, and raped, and that, in connection therewith, the defendant committed sodomy, the trial court did not err, as complained of in the 9th special ground, in denying the defendant's motion for a mistrial, based upon the above statement to the jury.

6. The 4th special ground is merely elaborative of the general grounds. The evidence, while conflicting, amply supports the verdict finding the defendant guilty of rape, and the trial court did not err in denying his amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

Submitted September 16, 1953—Decided October 14, 1953.

*Jesse T. Edwards, Bruce B. Edwards,* for plaintiff in error.

*Paul Webb, Solicitor-General, Wm. Hall, Charlie O. Murphy, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General;* contra.