## 18795. ROOKER *v.* THE STATE.

HAWKINS, Justice. Roy Thomas Rooker was indicted in Fulton Superior Court for the murder of his wife by shooting her with a rifle. The jury returned a verdict of guilty with a recommendation of mercy. To the judgment denying his motion for new trial, based upon the general grounds and seventeen special grounds, the defendant excepted. *Held:*

1. It was not error to refuse to permit a witness who was being questioned on cross-examination about his investigation of the homicide to answer the question, "Did you, after you had made an investigation of this thing, determine what, aside from this report, the provocation or justification of this matter was,". the court having correctly ruled that it was the province of the jury to determine whether or not there was any provocation or justification, and, if so, what it was. While the right of a party to a thorough and sifting cross-examination of witnesses called against him should not be abridged (Code § 38-1705), where, as here, the question propounded called for a conclusion by the witness as to matters which could be determined only by the jury, it was properly excluded. *Post* v. *State,* 201 *Ga.* 81 (39 S. E. 2d 1); *Revill* v. *State,* 210 *Ga.* 139 (78 S. E. 2d 12); *Denson* v. *State,* 209 *Ga.* 355 (3) (72 S. E. 2d 725); *City of LaGrange* v. *Pounds,* 50 *Ga. App.* 219, 223 (6) (177 S. E. 762).

2. Ground 2 of the amended motion complains that the court erred in refusing to permit counsel for the defendant to ask the State's witness Joyce Reece whether anything was said or done, in the back yard between the defendant (an uncle of the witness) and his wife (an aunt of the witness), that would indicate that the defendant was mad at his wife. An examination of the brief of evidence on page 106 of the record discloses that this witness was permitted to testify: "There was no loud or mean language used by my Uncle Roy to my Aunt Edith about him driving. They didn't act like it was nothing unpleasant about getting in the car, didn't act like they was mad. They was just going on like that"; and similar testimony of this same witness as to the appearance and demeanor of the defendant appears on pages 102, 104, and 105 of the record. Since it thus appears that testimony was given by this witness and admitted to the same effect as that sought by the question excluded, this ground is without merit. *Denson* v. *State*, 209 *Ga.* 355 (2), supra.

3. It was not error, as complained of in special ground 3, to admit the testimony of the witness L. S. Reece that, approximately three weeks before the homicide when the defendant made a threat to kill his wife, the defendant "appeared to be excited and mad," over the objection of counsel for the defendant that it was irrelevant and immaterial, has no probative value, and "puts in issue his character when he himself hasn't put it in evidence." Evidence that a person looked wild, seemed excited, spoke pleasantly, was in a good humor, or looked mad, all are matters of fact and not objectionable on the ground that it states conclusions of the witness. "The signs of emotion may be described by the use of general terms, without any enumeration of particulars." *Travelers Ins. Co.* v. *Sheppard*, 85 *Ga.* 751 (8) (12 S. E. 18). Nor would the fact that the occurrence referred to by the witness took place approximately three weeks before the homicide render the testimony inadmissible because too remote. In *Hill* v. *State*, 169 *Ga.* 455 (2, 3) (150 S. E. 587), it is held: "The indictment in this case charging the defendant with the murder of his wife, the court properly admitted evidence tending to show the state of feeling upon the part of the husband toward his wife two or three months before the homicide with which he was charged. It was within the province of the jury to decide whether the evidence of an occurrence between the accused and his wife, which showed enmity on his part toward her, was connected with the fact of the homicide, where the occurrence took place eighteen months before the date of the homicide."

4. It was not error, as complained of in ground 5 of the motion for new trial, to exclude the question asked by counsel for the defendant on cross-examination of one of the State's witnesses, "How many times have you ever sued or been sued in Newnan?" So far as appears from this ground of the motion, this question was wholly irrelevant to any issue on trial. In *Robinson* v. *Murray*, 198 *Ga.* 690 (4) (32 S. E. 2d 496), it is held: "The right of a party to a thorough and sifting cross-examination as to witnesses called against him is not infringed by confining such examination to matters that are relevant to the issues in the case. *Daniel* v. *State*, 182 *Ga.* 875 (2) (187 S. E. 36); *Clifton* v. *State*, 187 *Ga.* 502 (4), 508 (2 S. E. 2d 102); *Granison* v. *State*, 49 *Ga. App.* 216

(174 S. E. 636); *Stevens* v. *State*, 49 *Ga. App.* 248 (2) (174 S. E. 718)."

5. Grounds 6 and 7 of the amended motion for new trial complain of the admission of testimony by the witness Stewart A. McGlaun, concerning an arrest by him of the defendant on September 20, 1953, prior to the homicide on November 2, 1953, and the defendant's threat at that time to kill his wife because of her complaint to the officer which resulted in his arrest; and ground 11 complains of the admission of testimony by the witness Kenneth Arnold concerning the same occurrence, upon the ground that the tesitmony with respect to the arrest tended to put the defendant's character in issue when he had not done so himself. In *Willingham* v. *State*, 169 *Ga.* 142 (5) (149 S. E. 887), it is held: "Nor was it error for the court to admit evidence of previous quarrels between the accused and the deceased and evidence of threats of the latter, though these threats and quarrels had been made and occurred as far back as two or three years. The length of time prior to the occurrence at which these threats had been made and the altercations had occurred would affect their probative value, but did not render them inadmissible." See also *McDow* v. *State*, 176 *Ga.* 764 (5) (168 S. E. 869); *Shafer* v. *State*, 191 *Ga.* 722 (1) (13 S. E. 2d 798). Since evidence as to the arrest of the defendant was admissible as showing the reason for the threat made at the time by the defendant against the deceased, the fact that it incidentally tended to involve the character of the defendant would not render it inadmissible. *Smith* v. *State*, 148 *Ga.* 467 (2) (96 S. E. 1042); *Owensby* v. *State*, 149 *Ga.* 19 (98 S. E. 552); *Wilson* v. *State*, 150 *Ga.* 285 (2) (103 S. E. 682); *Little* v. *State*, 150 *Ga.* 728 (105 S. E. 359); *Howell* v. *State*, 162 *Ga.* 14 (4) (134 S. E. 59).

6. Grounds 9 and 10 of the amended motion for new trial complain of the admission of testimony by Kenneth Arnold, a witness for the State, concerning what is referred to as a "drinking party," participated in by the witness, the defendant and another, and the quantity of intoxicants consumed by them at some undisclosed time within a year prior to the homicide, and their engaging in target practice on that occasion. The evidence as to the "drinking party" and the quantity of intoxicants consumed was admitted over the objection that it was immaterial and irrelevant and tended to put the character of the defendant in issue. This evidence was not admissible for the purpose of illustrating any issue involved in the trial, and was prejudicial and harmful to the defendant, in that it did tend to reflect upon the character of the defendant, and it was error to admit it over the objections urged. Code §§ 38-201, 38-202; *Anderson* v. *State*, 206 *Ga.* 527 (57 S. E. 2d 563); *Henderson* v. *State*, 209 *Ga.* 72, 76 (70 S. E. 2d 713); *Bacon* v. *State*, 209 *Ga.* 261 (71 S. E. 2d 615).

7. In *Callahan* v. *State*, 209 *Ga.* 211 (2) (71 S. E. 2d 86), it is held: "It is not error to refuse to permit a non-expert witness to answer a hypothetical question on cross-examination, where the opinion or conclusion called for is dependent upon facts which he has not testified to. *Moon* v. *State*, 68 *Ga.* 687 (4); *Alabama Great Southern R. Co.* v. *Brown*, 140 *Ga.* 792 (3) (79 S. E. 1113, Ann. Cas. 1915A, 1159); *Cooper* v. *State*, 197 *Ga.* 611 (5) (30 S. E. 2d 177)." Under the foregoing ruling, ground 12 of the amended motion, which complains that the court erred in not permitting a State's witness on cross-examination to answer a hypothet-

ical question, based upon facts not testified to by the witness, is without merit.

8. In *Humphrey* v. *State,* 141 *Ga.* 671 (4) (81 S. E. 1034), it is held: "There was uncontradicted evidence of threats made by the accused to take the life of the deceased; and there was no error requiring a new trial in the charge: 'There is some evidence here as to threats. I charge you that threats alone, while they may tend to show malice and intention, are not sufficient of themselves to authorize a conviction, but threats connected with other facts and circumstances may or may not be sufficient to authorize a conviction, as the jury may, from all the evidence, determine in the case.'" Here, as in that case, there was evidence of threats made by the accused to take the life of the deceased. The charge complained of in ground 13 of the amended motion is almost identical with the charge there held not to be erroneous, and this ground is therefore without merit.

9. Grounds 14 through 17 of the amended motion assign error upon the refusal of the trial judge to give to the jury the written requests to charge therein set out, which embodied certain principles announced in *Carbo* v. *State,* 4 *Ga. App.* 583 (62 S. E. 140). The principles there announced have no application to the present case, for the reason that the charge there was involuntary manslaughter based upon the creation by the accused of a static condition, and where the death which was the subject of the prosecution was the result of an independent intervening cause; whereas in the instant case the indictment charges murder involving a particular illegal act on the part of the defendant resulting in the death of his wife. It was, therefore, not error to refuse to give in charge the principles embodied in these requests.

10. Special ground 4, complaining of the admission of certain testimony, is not complete and understandable without reference to other portions of the record, and insufficient to present any question for decision. Special ground 8 was expressly abandoned by the movant.

11. The general grounds being insisted on, it is sufficient to say that the evidence, though conflicting, authorized the verdict.

*Judgment reversed. All the Justices concur, except Head, J., who dissents in part.*

ARGUED JANUARY 12, 1955—DECIDED FEBRUARY 16, 1955.

*Robert Carpenter, Ferrin Mathews, T. C. Little,* for plaintiff in error.

*Paul Webb, Solicitor-General, Wm. E. Spence, Charlie O. Murphy, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice, concurring in part and dissenting in part. I concur in the ruling in division 6 of the opinion and in the judgment of reversal. I dissent from the ruling in division 11, on the general grounds of the motion for new trial.

Any evidence in the record tending to show mistreatment of the deceased by the defendant, or threats made against the deceased by the defendant, is wholly insufficient to overcome the positive testimony of the State's witness, Joyce Reece, to the effect that the shooting occurred as the result of the witness's mother grabbing the arm of the defendant and thus accidentally causing the discharge of the gun. Where the evidence is in conflict, the jury has the right to determine which witness or witnesses may be telling the truth; but the jury does not have the right, in arriving at a verdict against one charged with murder, to wholly disregard testimony of the only eyewitness to the homicide who testified upon the trial of the defendant.