39926. TAYLOR v. MARSH.

DECIDED APRIL 4, 1963.

*Harris, Chance, McCracken & Harrison, Henry T. Chance, Joe B. Tucker,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* contra.

CARLISLE, Presiding Judge. Plaintiff's suit for damages arose from an automobile collision in which her unmarried son was killed. On the trial of the case plaintiff produced testimony, by deposition, of a witness who stated that he saw the collision. This witness, Jack Suggs, testified that the defendant's truck was traveling on the wrong side of the highway, and immediately prior to the collision the truck was jerked back toward its right lane, causing the trailer to jackknife and crash into the automobile of decedent as it approached within its appropriate lane. Defendant's agent testified that his truck was being operated in its proper lane of traffic at the time of the collision; that no part of the truck was on its left-hand side of the road; and that no sudden or unsafe movements were made with the truck as it approached the point of collision. Defendant also produced testi-

mony to the effect that deceased was driving at an excessive speed and other evidence indicating that he may have lost control of his vehicle immediately prior to the impact with defendant's truck.

The jury returned a verdict for the defendant and plaintiff moved for new trial on the general grounds and three special grounds. Plaintiff's motion for new trial was overruled on all grounds, and the general grounds of this motion have now been abandoned. The exception in this court is to the judgment overruling the special grounds of plaintiff's motion for new trial.

■ Plaintiff's amended motion for new trial complains of the admission in evidence of an indictment, plea and conviction for forgery by one Ira Jackson Suggs. The document was allowed for the purpose of impeaching Jack Suggs, the only witness of plaintiff who claimed to have seen the collision. This evidence was objected to on the ground that the defendant failed to show that the convicted party was the same person as the witness testifying by deposition.

A witness may be impeached by proper evidence of his conviction of a crime involving moral turpitude, *Sheffield v. Hammond*, 41 Ga. App. 76 (151 SE 663); *Powell v. State*, 122 Ga. 571 (50 SE 369), and the credit to be given his testimony shall then be for the jury to determine under proper instructions from the court. *Code* §§ 38-1805, 38-1806. But the courts will not violate the right of a witness to have excluded an irrelevant document, of an impeaching nature, for which no foundation has been laid for submission of this evidence to the jury. *Code* §§ 38-1704, 38-201. See *Andrews v. State*, 118 Ga. 1 (43 SE 852); *White v. Knapp*, 31 Ga. App. 344 (120 SE 796).

The similarity between the names Jack Suggs and Ira Jackson Suggs is not a concordance of names which will give rise to the presumption of identity of persons which is stated in *Code* § 38-304, and explained in the cases of *Mullery v. Hamilton*, 71 Ga. 720, 724 (51 AR 288), *Shuler v. State*, 125 Ga. 778 (54 SE 689), and *Weathers v. Modern Masonry Materials, Inc.*, 107 Ga. App. 35 (129 SE2d 65). These names are not idem sonans in law, and "a mere similarity of part of a name with another name will not establish a presumption of identity of person." 65 CJS 35, § 15.

The document was not prima facie admissible, *Robinson v. State*, 209 Ga. 650 (75 SE2d 9), and the defendant, as the party introducing the document, failed to produce any evidence of its admissibility when the objection was raised by plaintiff. Its admission could only confuse the jury as to the credibility of this witness, without having any probative value in rebutting the presumption of law that a witness, who has not been attacked, does speak the truth. See *Humphrey v. State*, 141 Ga. 671 (81 SE 1034); *Matthews v. Blanos*, 201 Ga. 549 (40 SE2d 715). In the absence of evidence that the convicted forger was the party testifying, the document should have been excluded. *Robinson v. State*, 209 Ga. 650, supra. See also, Green, Georgia Law of Evidence, § 13. The trial court erred in denying plaintiff's motion for new trial on this ground.

■ Another special ground of the amended motion for new trial complains of the admission, over objection, of certain testimony, elicited by cross-examination, to the effect that the decedent had been convicted of speeding on one occasion prior to the collision. It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. *Hawkins v. Benton Rapid Exp.*, 82 Ga. App. 819 (62 SE2d 612); *Pullman Co. v. Schaffner*, 126 Ga. 609 (55 SE 933, 9 LRA (NS) 407); *Code* § 38-202. Even where the nature of the action involves such conduct of the parties as will render it necessary or proper to investigate the character and habits of the deceased, see *Code* § 38-202, a party may not interpose his initial proof of such general character by evidence of unrelated specific acts. *Edwards v. Griner*, 42 Ga. App. 282 (155 SE 789), and cases cited; *Lynn v. State*, 140 Ga. 387 (79 SE 29).

The witness, who was cross-examined as to the deceased's conviction for speeding, had not attempted to testify on direct examination as to the general reputation of the deceased. Even if the issue had been properly injected into the case by plaintiff, this witness could not be cross-examined, by defendant, as to specific unrelated transactions, when he had not been qualified as competent to testify as to the general character and habits of deceased. *Lynn v. State*, 140 Ga. 387, supra.

■

The admission of this evidence was error. But the case is being reversed for other reasons and the error probably will not reoccur at the next trial. The court does not here decide whether or not this error would require a new trial.

■ Plaintiff contends in her amended motion that the trial court erred in instructing the jury on the doctrine of accident. The pleadings and evidence in this case would justify a finding that neither party was at fault and the trial court did not err in instructing the jury on the theory of accidents. *Baldwin v. Georgia Automatic Gas Co.*, 85 Ga. App. 767 (70 SE2d 108).

*Judgment reversed. Bell and Hall, JJ., concur.*